## FIRST TEXAS PRUDENTIAL INS. CO. v. CEVALLOS et al.

### No. 8607.

Court of Civil Appeals of Texas. San Antonio. April 29, 1931.

Rehearing Denied May 20, 1931.

Templeton, Brooks, Napier & Brown, of San Antonio, for appellant.

E. B. Chambers and Bat Corrigan, both of San Antonio, for appellees.

SMITH, J.

This is a suit brought jointly by the beneficiary and an assignee of an insurance policy issued by the first Texas Prudential Insurance Company upon the life of Mamberto Cevallos, now deceased.

The trial court found that in his application for the insurance policy sued on the insured represented to the company that "he did not have and was not subject to tuberculosis, and that none of his brothers and sisters had ever had tuberculosis." The court further found:

"That a brother of the deceased assured named Fermin Cevallos had, prior to the date of the application for the issuance of the policy of insurance, been afflicted with tuberculosis, from which affliction he had died prior to that time.

"That a sister of the deceased assured named Jesusita Cevallos had, prior to the date of the application for the issuance of the policy of insurance, been afflicted with and had suffered from hemorrhages of the lungs.

"That the deceased assured had, at one time during his lifetime, been afflicted with tuberculosis, had been treated on two separate occasions for that trouble; that his death was caused from pneumonia."

Upon these findings the court concluded:

"That the falsity of the representations as to the existence of tuberculosis in the family of the deceased assured and that he was not subject to tuberculosis, made in the application for the issuance of the policy of insurance sued upon, were not material to the risk of insurance assumed by the defendant company in issuing the policy of insurance sued upon, and they did not contribute to the event on which the policy became due and payable, i. e. the death of the assured."

■ There appears to be no statement of facts in the case, and none of the provisions of the policy in question appear in the record. The appeal must therefore be determined from the trial court's findings and conclusions.

■ Appellant challenges the conclusions of the trial court, contending that the stated

misrepresentations of the insured were, as a matter of law, material to the risk of insurance, and therefore voided the policy. We overrule the contention, particularly in the absence of any description of the provisions of the insurance policy or statement of other facts in the case. The statute provides that the question of the materiality of such representations is one to be decided by the court or jury trying the case (article 5043, R. S. 1925), and we are not prepared to say that the trial court's finding thereon in this case was erroneous, as a matter of law. It appears affirmatively from those findings that the presence of tuberculosis in the insured's family, or in himself, did not contribute to the actual risk assumed by the insurer.

The court further found that "there is no evidence of a demand having been made on the defendant company for the payment of the policy claim," and yet the court awarded an attorney's fee of $50 in favor of appellees and against appellant. This was error. Attorney's fees in such cases are recoverable only by virtue of a statutory provision therefor, and then only when the insurer shall fail to pay the claim after "demand therefor." Article 4736, R. S. 1925; Ford v. Ins. Co., 103 Tex. 522, 131 S. W. 406.

Because of error in the award of attorney's fee in favor of appellees, the judgment will be reversed and the cause remanded, unless appellees shall, within ten days, file a remittitur of $50, in which contingency the judgment will be affirmed, at the cost of appellees.