**BEHRENS et al. v. BEHRENS et al.**

No. 9484.

Court of Civil Appeals of Texas. Austin.

Feb. 28, 1945.

Rehearing Denied April 4, 1945.

J. J. Byrne, of Lampasas, for appellants.

J. Mitch Johnson, of San Saba, and Wilkinson, Johnson, Griffin & Bohannon, of Brownwood, for appellees.

BLAIR, Justice.

This suit was brought to set aside a deed, dated October 22, 1938, executed by A. Behrens to L. A. Behrens, conveying approximately 334 acres of land. The suit was filed by Auguste Behrens, surviving widow, and several of the seventeen children of A. Behrens, deceased, against L. A. Behrens and the remaining of the seven-

teen children, or their heirs. The Federal Land Bank of Houston, the holder of a note and valid deed of trust lien against the land, was made a party defendant. A. B. Walters, the notary taking the acknowledgment of A. Behrens to the deed, and who was also the attorney of record for all defendants, was also made a party defendant. J. H. Baker was employed as an attorney by the defendants to assist in the trial of the case.

After this suit to cancel the deed in question was filed, but before the trial commenced, defendant Andrew (A. C.) Behrens, joined by his wife, conveyed by quitclaim deed to defendant L. A. Behrens all his right, title and interest in the land in controversy. Thereafter, but before the trial, the attorneys of record for defendants, Walters and Baker, filed a separate original answer for defendant Andrew Behrens, alleging that he and his wife had by quitclaim deed conveyed to defendant L. A. Behrens "any inheritance that he might have had from his father, A. Behrens, deceased," in the land, and that he was "no longer interested in the result of this suit, and prays proper orders of court and for his costs." On the pretrial hearing the court's attention was called to this answer of Andrew Behrens by counsel for the plaintiffs, whereupon the court dismissed him from the suit with his costs.

Also, before the trial of the case began, L. A. Behrens filed a separate answer, signed by his attorneys Walters and Baker, disclaiming in this suit that he is claiming any interest in the land in controversy "by inheritance from his deceased father, A. Behrens." A. B. Walters, leading counsel for the defendants, testified that he filed the foregoing disclaimers "so that they could qualify as witnesses on the question of sanity and undue influence" under the so-called dead man's statute, Art. 3716, Rev. St.

The primary ground for setting aside the deed was the mental incapacity of A. Behrens to execute it; and alternative grounds were unconsciousness because of illness of A. Behrens at the time of the execution of the deed, his physical incapacity, the alleged undue influence of L. A. Behrens, forgery of his signature by L. A. Behrens, fraud generally of L. A. Behrens in obtaining the deed, non-delivery of the deed, and total failure of consideration for it.

The trial to the jury proceeded through the first day; and during the morning of the second day the parties by their attorneys announced to the court that they had reached a settlement of the case. Though announced in open court at the time, the terms of the settlement agreement on which to later enter final judgment were neither reduced to writing and filed with the papers as a part of the record, nor entered of record. The judgment, which was signed only by the trial judge and entered ninety days later, recites that the terms of the oral agreement announced in open court were in substance as follows:

That the jury be discharged, and at the expiration of ninety days the court should enter judgment in favor of plaintiffs, setting aside and cancelling the deed and the record thereof as cloud upon the titles of plaintiffs and defendants, except L. A. Behrens, and vesting title to an undivided one-half interest in the land in plaintiff Auguste Behrens, the widow of A. Behrens, deceased; and the other one-half undivided interest in the other plaintiffs and defendants, except L. A. Behrens, as heirs of A. Behrens, deceased; conditioned, however, upon defendant L. A. Behrens, within said ninety-day period, paying to the clerk of the court the sum of $14,124, all costs of suit, and delivering to the clerk receipts showing payment of two judgments against A. Behrens, deceased, and that upon compliance with said conditions the title to the land would be by judgment awarded to or quieted in defendant L. A. Behrens.

In accordance with the foregoing agreement made in open court, the judge thereof discharged the jury and held up the entry of judgment for the ninety-day period agreed upon; and at the end of such period, the defendant L. A. Behrens having failed to comply with the agreement by paying the sums of money, costs, etc., required of him under the open court agreement, judgment was rendered for plaintiffs and the other defendants, setting aside the deed, divesting L. A. Behrens of all title or interest in the land in accordance with such agreement. The judgment recites that all parties and their attorneys appeared at the date of judgment in open court and made known the fact that L. A. Behrens had not complied with the terms of the settlement agreement made in open court. The judgment further recites that L. A. Behrens had filed a disclaimer of any

interest in the land by inheritance from his father, and decreed that he had no interest in the land as an heir of A. Behrens. The judgment also decreed that Andrew Behrens had theretofore been dismissed from the suit on his disclaimer; and that he had by quit claim deed conveyed the interest he inherited in the land from his father to L. A. Behrens. The judgment did not specifically divest L. A. Behrens of this interest in the land, but decreed generally that he be divested of all interest in the land under the agreement theretofore made in open court.

Later defendant L. A. Behrens and his wife, and Andrew (A. C.) Behrens and his wife filed a motion to set aside the agreed judgment entered by the court, and for a new trial, upon the following grounds here asserted as points for reversal of the judgment:

1. "The land involved in this suit constituted the homestead of the defendants, and the wives of the defendants were necessary parties to the full determination of the subject matter of said suit.

2. "That no agreed judgment had been made by the defendants, and that through accident or mistake a judgment had been entered, the same was made without their knowledge, approval or consent; nor had the defendants authorized anyone else to enter into such a judgment.

3. "That leading counsel in their defense was representing adverse and conflicting interests against them.

4. "That the appellants herein had not signed any disclaimer of their inheritance interest in their father's estate, nor had they authorized anyone else to sign their names.

5. "That the appellants through accident, or mistake, were prevented from presenting to the court their evidence to show the validity of the deed in question, and had not been guilty of any laches in said suit.

6. "The court committed fundamental error in permitting the plaintiffs to recover judgment in this suit under the allegation that the deceased, A. Behrens, died intestate, and that no administration was had on his estate; or failing to allege that no administration was necessary, it having been made known to the court that the deceased, A. Behrens, left a written will, and that the same had been filed for probate."

 As we view the case, the judgment of the trial court must be reversed upon two grounds. The first ground is because the compromise or settlement agreement announced in open court was not reduced to writing or entered of record at the time as is required by Rule 11, Texas Rules of Civil Procedure, and in consequence the trial judge was not authorized to render final judgment thereon ninety days later. Rule 11 provides:

"No agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record."

This rule is old Rule No. 47 for district and county courts unchanged, which was interpreted in the case of Wyss v. Bookman, Tex.Com.App., 235 S.W. 567, 569, as rendering unenforcible an agreement made in open court to later render final judgment in a case "until all the terms of the final judgment have been definitely agreed upon by all parties and those terms either reduced to writing or placed of record." The transcript in the instant case does not show any record entry of the terms of the agreement to be later entered as the final judgment in the case, nor does it show that the terms of the agreement for the final judgment were reduced to writing. The final judgment, prepared by counsel for appellees and signed by the trial judge ninety days later, recites the purported terms of the agreement for the final judgment. But neither the record nor the recitals in the judgment show that the oral announcement of the terms of the agreement for final judgment made in open court was reduced to writing or entered of record at the time of the announcement, or at any time, as required by Rule 11. In the Wyss case it is stated:

"The purpose of this rule is evident, and its wisdom will be readily conceded. Agreements of counsel in the course of a judicial proceeding which affects the interest of their clients should not be left to the fallibility of human recollection. This is especially true with reference to agreed judgments which finally dispose of the rights of the litigants."

 To authorize the trial judge to later enter final judgment on condition that certain things happen, the oral announcement made in open court of the terms of such agreement must appear of record. The transcript on appeal from the final judgment entered on an oral agreement

made in open court for a final judgment must likewise show that the terms of such agreement were either reduced to writing or entered of record.

On their motion to set aside the judgment entered on the oral agreement made in open court and for a new trial, appellants testified that they did not know what the terms of the agreement were until after the final judgment was filed ninety days later; that the judgment contained agreements with respect to disclaiming their inheritable interest in the land which they did not know of; and that during the ninety-day period allowed them to perform the oral agreement made in open court, they did not know of the conditions imposed upon them by the final judgment, nor of several other provisions of the agreement as recited in the judgment, and particularly of the provisions waiving and disclaiming any inheritable interest in the land independently of the deed sought to be cancelled. They could not have ascertained the terms of the oral agreement announced in open court for the final judgment, because the agreement was not reduced to writing, signed, and filed with the papers as a part of the record, nor entered of record as required by Rule 11. The agreement was made on the second day of the trial after certain letters written by leading counsel A. B. Walters were introduced, which showed that he thought he was representing, prior to the filing of the suit, the adverse interest of the creditors who held the judgment liens against the property conveyed by the deed sought to be cancelled. Walters testified that he was 79 years of age and did not recall having written the letters, and that when he was confronted with them his mind became so confused or "paralyzed" that he could not further proceed with the case; and that he left the matter of the settlement agreement to his co-counsel, J. H. Baker, who was employed for a small fee to help try the case, and was not familiar with the facts. At that time appellant L. A. Behrens, called as a witness under the adverse party rule, had testified that as a part of the consideration for the deed from his father to him, although not recited in the deed, was his assumption and agreement to pay off and discharge the two judgment liens aggregating about $2,000, against the land, in addition to the Federal Land Bank loan of approximately $4,250, recited in the deed. He further testified

that he told Walters when he was employed to write the deed of his agreement to assume and pay off the two judgment liens, and that he did not know why Walters did not recite that fact as a part consideration for the land, and did not know that deed did not so recite until it was shown him on the witness stand. As between appellant L. A. Behrens and the judgment lienholders he took the land under the deed from his father, subject to or charged with such judgment liens against his father, and having positively testified that he assumed and agreed to pay off the judgment liens as part consideration for the deed, we are of the view that Walters was not representing any adverse interest at the time of the trial or at the time the oral agreement was announced by counsel in open court.

■ The second ground for reversal of the agreed judgment is that it necessarily disposed of the homestead right of the wife of L. A. Behrens, without her being a party to the suit or the settlement agreement made in open court. We do not undertake to define or determine her homestead rights in the land here, but hold that the agreed judgment must be reversed because it disposes of any homestead claim she may have; and remand the cause generally so that all issues properly plead and raised by evidence may be determined between the parties now before the court. Suffice it to say here that the evidence adduced would sustain her claim that at least the inheritable interest of L. A. Behrens in the land constituted the homestead of herself and her husband at the time the agreement was made in open court to later render final judgment herein upon the happening of the conditions provided for in the agreement.

■ It is also manifest that the homestead right of the wife of L. A. Behrens attached to the title or interest in the land conveyed to him by the quitclaim deed of Andrew (A. C.) Behrens and wife. The judgment divested Andrew Behrens of title by virtue of this quitclaim deed. No pleading of L. A. Behrens placed this interest in the land in controversy, but the agreed judgment divested him of all right, title or interest in the land by virtue of the oral agreement made in open court to later render such judgment upon the failure of L. A. Behrens to comply with the terms of the agreement. The wife of L. A. Behrens was not a party to the suit to cancel the deed from A. Behrens to her husband, L.

A. Behrens, and she is not bound by the agreed judgment therein entered. Nor was she a party to the agreement made in open court, because only the parties to the suit to cancel the deed were parties to the agreement to later enter judgment in accordance therewith. The rule is settled that an agreed or consent judgment is a contract between the parties to the suit, and subject to application of the rules relating to contracts. It is also settled that one who is not a party to the agreement upon which a consent or agreed judgment is based is not bound thereby. Beam v. Southwestern Bell Tel. Co., Tex.Civ.App., 164 S.W.2d 412 (error ref.); Edwards v. Gifford, 137 Tex. 559, 155 S.W.2d 786. The terms of the oral settlement agreement to later enter judgment, which attempted to dispose of the interest of L. A. Behrens acquired both by inheritance and by the quitclaim deed, were not reduced to writing and signed by the wife of L. A. Behrens. The homestead interest of the wife in such property can be conveyed only by written conveyance, signed and privily acknowledged by her. In consequence the homestead interest of the wife in the property thus acquired by L. A. Behrens, independently of the title claimed under the deed sought to be cancelled by this suit, could not be disposed of or adjudicated by the oral agreement made in open court for the final judgment to be later entered; nor by the oral agreement made in open court, which was neither reduced to writing nor entered of record.

■ It is admitted in the brief of appellees that the wife of L. A. Behrens did have a homestead right or claim in his inheritable interest in the land, independently of the deed sought to be cancelled, which under the facts she could assert in the partition of the land between herself and husband, on the one hand, and the other heirs of A. Behrens, on the other. The only defense urged to this homestead right or claim by appellees is that her husband having filed by his counsel a disclaimer of his inheritable interest, he had the right to thereby waive or abandon any homestead interest, even though no other homestead had been acquired at the time. The right or claim of homestead vel non in the inheritable interest of the husband was not raised by any pleadings in the suit to cancel the deed; but the judgment entered upon the oral agreement theretofore made in open court decreed that the hus-

band under the agreement had no right, title or interest left in the land, and divested him of all right, title or interest therein. This necessarily divested the wife of any homestead right or claim in the husband's inheritable interest in the land. The rule urged by appellees has no application here. The wife was not a party to the suit or the oral agreement made in open court to render judgment divesting the husband of his inheritable or other interest in the land, and in consequence she is not bound by either the judgment or the agreement to enter such final judgment under the aforementioned rule controlling such matters. When the homestead right of the wife became thus involved in the suit she thereby became a necessary party to the suit, to the oral agreement made in open court to later enter the judgment divesting her husband of all title or interest in the land, and to the agreed judgment itself.

■ We further hold that the homestead claim of the wife could not be conveyed or divested upon the disclaimer filed by counsel for her husband in this case. She was not a party to the suit or settlement agreement, and the homestead interest cannot be conveyed by any such method.

■ We are also of the view that at the time the oral settlement was made in open court another set of facts had been both pled and testified to, tending to show the homestead interest of the wife in a portion of the land in controversy, which she and her husband had occupied and continuously used since 1923 as their homestead, which arose independently of the deed sought to be cancelled, and the facts relating thereto will be stated in substance.

As above stated, this suit was originally filed by appellees to set aside the deed executed by A. Behrens to L. A. Behrens, conveying about 334 acres of land, because of mental incapacity of A. Behrens to execute it; and because of undue influence, fraud, etc., practiced by L. A. Behrens in securing the deed. By his answer, however, L. A. Behrens alleged that his father by oral agreement made a sale to him of the land in question in December, 1923; that he and his wife went in possession of the premises, and from time to time made certain valuable improvements thereon in consideration of the oral agreement to deed the land to him; that he had continuously lived on the property until the date of

this trial, using and occupying it; and that the deed was executed in compliance with such contract. The proof in the case tended to show that in 1923 L. A. Behrens and his wife went in possession of a part of the 334 acres of land involved, and lived continuously thereon until the trial of this case, and had reared their three children on such premises. L. A. Behrens also testified as to the oral promise of his father to convey the land to him, in consideration of certain services performed in discharging a large indebtedness due by his father. These facts, as alleged and testified to, clearly raised the homestead right of the wife in the premises so occupied and used for a long period of years. This homestead right of the wife could not be defeated in a suit to which she was not a party. Jergens v. Schiele, 61 Tex. 255; Cooley v. Miller, Tex.Com.App., 228 S.W. 1085.

The judgment of the trial court is reversed and the cause remanded.