### BURNAMAN v. HEATON et al.

### No. 12108.

Court of Civil Appeals of Texas. San Antonio.

June 21, 1950.

Rehearing Denied July 19, 1950.

Taylor, Cox, Wagner & Adams, Brownsville, Gordon Gibson, Laredo, for appellees.

W. O. MURRAY, Justice.

This suit is by Mrs. Frances Burnaman against Mrs. Jan Higdon Peabody Heaton and her husband, W. P. Heaton, for damages and personal injuries resulting from an automobile collision between an automobile

owned and being driven by Mrs. Jan Higdon Peabody Heaton, one of the appellees, and an automobile owned and being driven by the appellant, Mrs. Frances Burnaman. On March 21, 1949, while the case was proceeding to trial and while the jury was waiting to be selected, the parties, acting through their attorneys of record, announced in open court that the suit had been settled and compromised and that judgment was to be entered for the appellant, and against the appellee for the sum of $10,000 and court costs. This announcement was noted by the trial judge upon his docket and he then proceeded to take up other cases for trial. At the suggestion of one of the attorneys for the appellee "the sum of $10,000.00 and costs" was erased from the docket, leaving the notation "case settled and compromised." Again, on March 23, 1949, the parties, acting through their attorneys, announced in open court that the case had been settled and that the court should proceed to render judgment for the plaintiff against the defendant in the sum of $10,000 and court costs, whereupon the court proceeded to make the following entry upon the docket:

"March 23, Plaintiff and Defendant announce in open Court that Plaintiff do have and recover of and from Defendant the sum of $10,000.00 and costs as per decree to be entered. 6-564."

This docket entry was later entered upon the minutes of the court. On March 31, 1949, the court received a letter from appellant stating that the settlement was unacceptable to her and that it had been agreed upon by her attorneys without her consent; whereupon the court, on its own motion, set down for hearing the matter of entering a judgment in accordance with the compromise agreement for May 2, 1949, and issued notice to the parties to show cause why judgment should not be entered in accordance with the compromise agreement. Thereafter the defendant filed a motion for judgment in keeping with the agreement

and ultimately a hearing was had on December 12, 1949, and judgment was entered in favor of plaintiff and against defendants in the sum of $10,000. Among other things, this judgment further provided that the sum of $6,666.67 should be paid to the plaintiff and the sum of $3,333.33 should be paid to the law firm of Carter and Stiernberg as attorney's fees. Mrs. Frances Burnaman has prosecuted this appeal from that judgment. .

Appellant's first contention is that the court erred in entering judgment on the 12th day of December, 1949, based on the alleged compromise or settlement agreement announced in open court on March 23, 1949, because such alleged compromise or settlement agreement was not reduced to writing or entered on the record on March 23, 1949, the date on which it was allegedly made by the attorneys for the parties to this suit. Appellant bases her contention on the provisions of Rule 11, Texas Rules of Civil Procedure, which reads as follows: "No agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record."

█ In support of her contention appellant cites the case of Wyss v. Bookman, Tex.Com.App., 235 S.W. 567, and Behrens v. Behrens, Tex.Civ.App. 186 S.W.2d 697. These cases are good authority for the proposition that even though a settlement agreement is announced in open court, if it is not reduced to writing, signed and filed among the papers of the case, or is not recorded in the minutes of the court, it can not be the basis for the rendition of a judgment at a later date where a dispute arises as to the existence of the agreement or as to its terms. In those cases there was a serious dispute as to the terms of the agreement and as to whether or not all of the terms of the judgment to be entered had been agreed upon. In the present case it seems that the stipulation was sufficiently broad to cover all of the essential provisions of a final judgment in the case, and

further there was no dispute that the agreement was made. The only question raised in regard to the stipulation is that it was not authorized by appellant. Everyone connected with the case concedes that the agreement was actually made. Rule 11 only applies to agreements that are disputed by at least one of the parties. Where it is conceded by all parties that the agreement was actually made and where there is no dispute as to the terms of the agreement, there is no particular reason to enforce Rule 11, T.R.C.P., which requires that such agreements be either reduced to writing, signed and filed, or made in open court and entered of record. In Wyss v. Bookman, supra, the court said: "The purpose of this rule is evident, and its wisdom will be readily conceded. Agreements of counsel in the course of a judicial proceeding which affect the interests of their clients should not be left to the fallibility of human recollection. This is especially true with reference to agreed judgments which finally dispose of the rights of the litigants." [235 S.W. 569.]

■ Here nothing is left to the fallibility of human recollection of the parties. They agree that the stipulation was made and there is no dispute as to the terms thereof. It would be a harsh rule indeed that would permit a party to repudiate a stipulation made in open court which he freely admits was made, and where there is no dispute as to the provisions of the stipulation. In Armstrong v. State, Tex.Civ. App., 122 S.W.2d 662, 664, the Court said: "It is the general rule that agreements of counsel in litigation should be reduced to writing and filed with the papers in the case, but it has been held that where the fact of the agreement and the terms thereof are not disputed, the proper legal effect should be given to such agreements." Furthermore, the supplemental transcript filed herein shows that the notation placed upon the docket by the trial judge on March 23, 1949, was also copied into the minutes of the court and thus the stipulation was entered of record. For the reasons above stated, we are of the opinion that the agreement was a valid stipulation and one which the court very properly could enforce. Manowitz v. Gaenslen, Tex.Civ.App., 142 S.W. 963; Johnson v. Sweeney, 95 Cal. 304, 30 P. 540; 60 C.J. p. 43, §§ 7 and 12; 39 Tex.Jur. p. 293, § 14.

■ Appellant next contends that this stipulation should not be enforced because her attorney was not authorized to enter into this compromise agreement and that he did so without her consent. There was much evidence on this point, the attorney Stiernberg testifying positively that he did have authority from appellant to make the agreement, and the appellant testifying just as positively that she did not give her consent for her suit to be compromised. This matter presented a question of fact to the trial court for his decision upon disputed evidence and we are bound by his finding, which is to the effect that the compromise settlement was authorized by appellant. There is sufficient evidence to support this finding of the trial judge.

■ Appellant next contends that the question of whether or not she authorized her attorney, Lloyd Stiernberg, Esq., to enter into the settlement agreement of her lawsuit was a question of fact which should have been submitted to a jury. We overrule this contention. The judgment contains the following recitation: "Thereafter, on the 13th day of June, 1949, after all parties had been given due notice of the hearing, came the plaintiff, Mrs. Frances Burnaman, by and through her Attorneys of Record, George W. Eddy and J. C. Looney, the attorneys selected by the plaintiff to represent her at said hearing, and came Lloyd E. Stiernberg in person, one of the attorneys of record for plaintiff, and came the defendants in person, and by and through their attorneys of record, and announced ready on said hearing, and after all parties hereto had been advised by the Court that the matters of fact involved in said hearing entitled, in the Court's opinion, either party to a jury and stated that he would readily hear the matter before a jury if any of the parties hereto so desired; all of the parties waived a jury and there-

upon the Court proceeded to hear the pleadings * * *." It thus appears from the judgment that the parties waived their right to a jury upon this question of fact.

Accordingly, the judgment of the trial court is affirmed.