Catherine Etter CURETON, Appellant,

v.

Robert C. ROBBINS, Appellee.

No. 13398.

Court of Civil Appeals of Texas.

San Antonio.

Dec. 10, 1958.

Rehearing Denied Dec. 31, 1958.

---

Henry T. Matthews, San Antonio, for appellant.

Maxwell Burket, San Antonio, for appellee.

**W. O. MURRAY, Chief Justice.**

This is an appeal from an alleged agreed judgment, and an order refusing to set such judgment aside.

On September 18, 1948, Robert C. Robbins was granted a divorce from Catherine Etter Cureton. The custody and control of their child, Robert Randolph Robbins, a boy, then eight months of age, was awarded to the wife, Catherine Etter Cureton, and the husband, Robert C. Robbins, was required to pay $5.00 per week for the support of the baby boy.

On January 21, 1958, nearly ten years thereafter, appellant herein filed a contempt motion seeking to have appellee, Robert C. Robbins, held in contempt for not paying the child support, and asking for an increase of such child support. On March 31, 1958, what purported to be an agreed judgment was entered attempting to dispose of the matters raised by the Contempt Motion.

On April 10, 1958, a motion was filed by appellant to set aside this alleged agreed judgment, on the ground that it was not agreed to by the parties.

On May 7, 1958, an order was entered overruling the motion to set aside the judgment, and Catherine Etter Cureton has presented this appeal.

Appellant's first contention is that the trial court erred in refusing to set aside the alleged agreed judgment. It appears from the record that when the contempt motion was called for trial and the parties had announced ready for trial, the parties, with the consent of the court, retired to a room down the hall from the court room for the purpose of discussing settlement. Later they returned to the court room and announced to the presiding judge, the Hon. Raymond Gerhardt, that they had reached a settlement of their differences. Then followed some discussion as to the terms of the settlement, after which the court suggested that an agreed judgment be prepared by the parties. Both sides submitted tentative judgments. Neither party would agree to the judgment prepared by the other. Ultimately, the trial court signed and entered the judgment tendered by appellee and rejected the judgment tendered

by appellant. The motion to set aside the judgment was heard by the Hon. Walter Loughridge, District Judge, the trial judge, the Hon. Raymond Gerhardt, having disqualified himself to pass upon such motion. Judge Gerhardt appeared as a witness at the hearing to set aside the alleged agreed judgment, and among other things testified that the judgment tendered by appellant was very similar to the one he entered, that "there was no difference between the two of them except possibly a comma or a word here and there."

 The record fails to show that the judgment entered was an agreed judgment, and the trial court erred in not setting it aside. The fact that the parties announced in open court that they had reached an agreement, and discussed in open court the things they had agreed upon, was not sufficient to support the judgment entered. The appellant refused to agree to the judgment which was entered, and this fact was known to the trial court before he ordered it entered. There was no written agreement signed by the parties, as is required by Rule 11, Texas Rules of Civil Procedure, neither were the terms of the agreement stated in open court and a record made of such terms. The parties did not agree, at any time, to the judgment actually entered. Under such circumstances the judgment entered was not an agreed judgment and should have been set aside. Behrens v. Behrens, Tex.Civ.App., 186 S.W.2d 697. In Burnaman v. Heaton, Tex.Civ.App., 231 S.W.2d 1006, 1007, the Court said:

> "These cases are good authority for the proposition that even though a settlement agreement is announced in open court, if it is not reduced to writing, signed and filed among the papers of the case, or is not recorded in the minutes of the court, it can not be the basis for the rendition of a judgment at a later date where a dispute arises as to the existence of the agreement or as to its terms."

See also, Matthews v. Looney, 132 Tex. 313, 123 S.W.2d 871.

█ The record shows that on July 3, 1958, after an appeal had been taken in the case and while the appeal was pending in this Court, Hon. John C. Hoyo, Judge of the 150th Judicial District, while presiding in the 57th District Court, attempted, without notice to appellant, to relieve appellee of all payments for the support of his son, Robert Randolph Cureton. The trial court was without jurisdiction to render this judgment, and it is reversed, set aside and held for naught.

The judgment appealed from is reversed and the cause remanded for a new trial.

Reversed and remanded.