Elby L. OWEN, Appellant,

v.

Walter Raleigh FINIGAN, Appellee.

No. 3896.

Court of Civil Appeals of Texas.

Eastland.

July 10, 1964.

Rehearing Denied Sept. 4, 1964.

Brewer & Mopsik, Dennis G. Brewer, Irving, for appellant.

Aubrey J. Roberts, Burford, Ryburn & Ford, Logan Ford and Bill Wiley, Dallas, for appellee.

WALTER, Justice.

The judgment entered herein on May 22, 1964, is set aside and the original opinion is withdrawn. The following opinion is rendered in lieu thereof.

Walter Raleigh Finigan filed suit against Elby L. Owen for damages. The court rendered what the appellee refers to as a consent judgment in favor of Finigan. Owen has appealed contending that the court erred in rendering judgment because it does not meet the requirements of Rule 11, Texas Rules of Civil Procedure.

After a jury was selected, the attorneys announced in open court that they had reached a settlement. The matters alleged to have been agreed upon by the attorneys were not reduced to writing, signed and filed with the papers as part of the record, as required by said Rule 11. The judgment recites that the case came on to be heard on the 10th day of October, 1963. The judgment was signed on October 28, 1963. The record does not reflect that the agreement made by the attorneys in open court was entered of record at such time. The spe-

cific terms of the agreement reached in open court are shown only in the judgment. It shows that appellant excepted to the judgment and gave notice of appeal.

By excepting to the judgment, appellant was asserting that he was not acquiescing in the terms of the alleged settlement nor in the decision of the court. By excepting, appellant objected to all the terms of the judgment. By such action the appellant was making it known to the Court that he was not agreeing to its terms and that he was dissatisfied. In Cureton v. Robbins, Tex.Civ.App., 319 S.W.2d 735, (no writ history), the Court said:

"The fact that the parties announced in open court that they had reached an agreement, and discussed in open court the things they had agreed upon, was not sufficient to support the judgment entered. The appellant refused to agree to the judgment which was entered, and this fact was known to the trial court before he ordered it entered. There was no written agreement signed by the parties, as is required by Rule 11, Texas Rules of Civil Procedure, neither were the terms of the agreement stated in open court and a record made of such terms. The parties did not agree, at any time, to the judgment actually entered. Under such circumstances the judgment entered was not an agreed judgment and should have been set aside. Behrens v. Behrens, Tex.Civ.App., 186 S.W.2d 697. In Burnaman v. Heaton, Tex.Civ.App., 231 S.W.2d 1006, 1007, the Court said:

" 'These cases are good authority for the proposition that even though a settlement agreement is announced in open court, if it is not reduced to writing, signed and filed among the papers of the case, or is not recorded in the minutes of the court, it can not be the basis for the rendition of a judgment at a later date where a dispute arises as

to the existence of the agreement or as to its terms.' "

We have reached the conclusion that this was not a consent judgment. The judgment is reversed and the cause is remanded.

On Motion for Rehearing

Appellee contends in his motion for rehearing that "Since there is no statement of facts in this record, this Court must presume such facts as are necessary to support the judgment to have been found by the trial court." "In the absence of a statement of facts, appellate review is limited to errors apparent on the face of the pleadings, the verdict, the findings, if any, the judgment, and the bills of exception." 3 Tex. Jur.2d, paragraph 449, page 697. In First Texas Prudential Insurance Company v. Cevallos et al., Tex.Civ.App., 38 S.W.2d 875, (no writ history) the court was considering a case without a statement of facts. The judgment appeared in the record. The court considered the statements made in the judgment and concluded that the court erred in allowing attorney's fees. Our Supreme Court in Burnaman v. Heaton, 150 Tex. 333, 240 S.W.2d 288, said: "A valid consent judgment cannot be rendered by a court when consent of one of the parties thereto is wanting. It is not sufficient to support the judgment that a party's consent thereto may at one time have been given; consent must exist at the very moment the court undertakes to make the agreement the judgment of the court." No statement of facts has been filed. The judgment appears in the transcript which has been filed. It is apparent on the face of the judgment that appellant did not consent thereto at the time the court undertook to make the alleged agreement the judgment of the court.

Appellee's motion for rehearing is overruled.