**Charles N. RICE, Appellant,**

v.

**TRAVELERS EXPRESS CO., Inc., Appellee.**

**No. 14863.**

Court of Civil Appeals of Texas.

Houston.

Oct. 6, 1966.

Croom, Barnes & Adams, Sam G. Croom, Houston, for appellant.

Jack Bodiford, Houston, for appellee.

BELL, Chief Justice.

This is an appeal from a summary judgment rendered against appellant and Harold E. Campbell. Only Rice has appealed.

Appellee sued Rice and Campbell as individuals and as co-partners d/b/a Harold's Drive In. The basis of the suit was that Campbell, who apparently was the operating partner, had, on behalf of the partnership, entered into a contract with appellee to write money orders. The appellee and the partnership were to divide the fees for the services rendered. The partnership was to remit to appellee the funds collected less its part of the fees.

After some months it was discovered that remittances had not been made and it was determined by the parties that the remittances that should have been made amounted to $9,059.62. On January 25, 1965, Harold E. Campbell executed a note payable to appellee in this amount, payment to be made in installments. On March 2, 1965, appellant, in writing, denying any knowledge of Campbell's failure to remit but expressly acknowledging his liability, jointly and severally, on the note because of his being a partner with Campbell, "unqualifiedly guaranteed the payment of said note."

Appellee in his petition sued on the theory of a "stated account" and also sued on the promissory note.

Appellant's answer contained an exception to the petition contending suit was not properly upon a "stated account" within the meaning of Rule 185, Texas Rules of Civil Procedure, and therefore appellee could not recover the $3,000.00 attorney's fee asked. The answer asserted the suit was actually on the note and his guarantee of it and appellee was limited to the 10% provided for in the note as an attorney's fee. There was also a general denial.

Appellant filed a cross-action against Campbell, contending he knew nothing of the shortage but that Campbell had personally made use of the money collected. He admitted his guaranty of the shortage which was evidenced by the promissory note. He asked that he have judgment over against Campbell for any judgment rendered against him in appellee's favor.

Campbell filed an answer consisting of a general denial and the same attack that Rice made on the petition of appellee insofar as there was an attempt to recover on a stated account and the $3,000.00 attorney's fee. He then filed an answer to appellant's cross-action asserting he and appellant were partners and the money that had not been remitted was used in the partnership business. Campbell then filed a cross-action against appellant in effect asserting an assumption by appellant of all debts of the partnership in consideration of the conveyance to appellant of Campbell's interest in the business.

It will be noted there is nowhere a denial of the partnership or execution of the note by Campbell.

The court, on appellee's motion for summary judgment, rendered judgment on the note against Rice and Campbell, jointly and severally, individually and as co-partners. On its own motion the court severed the cross-actions filed by Rice and Campbell against each other.

Appellant urges it was error for the trial court to grant severance on its own motion because the parties had agreed only to the rendition of an interlocutory judgment in favor of appellee against appellant and Campbell and there was no agreement for rendition of a final judgment for appellee and severance of the cross-actions.

There was no error. In the first place we find nothing in the record showing such an agreement. Too, any such agreement to be enforceable would have to comply with Rule 11, T.R.C.P.; Cureton v. Robbins, 319 S.W.2d 735 (Tex.Civ.App.), n. w. h. In the second place, a trial court is vested with broad discretion in severing causes and ordering separate trials. Rules 174, 97(h), and 41, T.R.C.P.; Kliesing v. Nauhaus, 265 S.W.2d 215 (Tex.Civ.App.), n. w. h.; Pure Oil Co. v. Fowler, 302 S.W. 2d 461 (Tex.Civ.App.), n. r. e. We hold the meaning of the above rules is such as to authorize the court on its own motion to order severances in the circumstances under which the above rules authorize severance and separate trial and a motion by a party to sever is not necessary.

Here it was entirely proper for the court to order severance of the cross-actions that appellant and Campbell filed against each other. Neither answer nor cross-action seeks to defeat liability to the appellee on the note. The cross-actions merely seek to cast on the other cross-defendant full liability as between themselves which in no wise affects their joint and several liability on the note to appellee.

Appellant does complain that the judgment is against him when he did not sign the note but was liable on his guaranty and final judgment should not be against him until appellee showed inability to collect against Campbell.

We overrule this complaint. The guaranty provides that appellant "unqualifiedly guarantees payment of said note * * * according to the reading, tenor and effect of said note." He thus became liable

as an original obligor. Cullum v. Commercial Credit Co., 134 S.W.2d 822 (Tex.Civ. App.), n. w. h.; Ganado Land Co. v. Smith, 290 S.W. 920 (Tex.Civ.App.), writ ref.; El Paso Bank & Trust Co. v. First State Bank, 202 S.W. 522 (Tex.Civ.App.), n. w. h.

Apart from the obligation purportedly assumed by the instrument of guaranty, appellant was liable on the note because it was a partnership obligation. A recital in the instrument of guaranty signed by appellant states that appellant as a co-partner with Campbell recognizes and admits he is jointly and severally liable with Campbell to pay the indebtedness in the manner provided in said note. Partners in a general partnership are jointly and severally liable personally for partnership debts.

Affirmed.