NO. 07-04-0024-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

MARCH 22, 2005

_____

RAND McPHERSON AND GEORGETTE McPHERSON, APPELLANTS

V.

CITY OF LAKE RANSOM CANYON, APPELLEE

_____

FROM THE 237TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 99-506,390; HONORABLE SAM MEDINA, JUDGE

_____

Before QUINN and REAVIS, JJ. and BOYD, S.J.[1]

**MEMORANDUM OPINION**

Rand McPherson and Georgette McPherson challenge the trial court's judgment declaring them to be in violation of Section 2 of Ordinance 46 of the City of Lake Ransom Canyon, granting injunctive relief sought by the City, and severing their claims for malicious

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

prosecution and abuse of process to be determined at a subsequent date. By their first five issues, the McPhersons contend the trial court erred in granting summary judgment because (1) the judgment failed to dispose of all claims of the parties in the record, (2) criminal proceedings were pending upon alleged violations of the subject ordinances, (3) sections 54.012 and 54.018 of the Texas Local Government Code are the exclusive civil remedies for enforcement of an ordinance regulating structures, (4) genuine and material issues of fact regarding the City's claim of violation of municipal ordinances existed, and (5) ordering removal of the caboose is outside the scope of permissible declaratory relief. By their sixth issue, the McPhersons contend the trial court erred in ordering a severance of the remaining claims. We affirm.

In 1996, the McPhersons purchased a tract of land in City of Lake Ransom Canyon, Texas and built a residence there. At all times material here, City Ordinance 51, entitled Substandard Building and City Ordinance 46, pertaining to Amendment of Building Code were in effect. According to the affidavit of the City Administrator, McPherson contacted the Architecture Control Committee and stated he wanted to install a 1914 Burlington Northern Caboose on his property to be used for storage and a bunkhouse/playhouse for grandchildren. After consideration, the Committee denied the request. The McPhersons then took their request to the City Council by personal appearance on May 13, 1997. Their request was presented orally along with a written summary. However, because a motion was not presented, no action was taken on the request for a permit.

The McPhersons made a second appearance before the City Council on July 1, 1997, and renewed their request for a permit to move the caboose onto their property. Following discussion, upon a motion to deny, the Council voted to deny the request. Then, without obtaining a building permit or other authority, in February 1999, the McPhersons had concrete pads installed on their property. Although a building official for the City observed the installation of the concrete pads, he did not object to the work. Then, without obtaining a variance or building permit, the caboose was placed on a trailer bed and moved to the McPherson's property. After the wheels were reattached, a crane was used to place the caboose on the concrete pads. Commencing May 18, 1999, the City served the McPhersons with 15 citations charging violations of Ordinance 46, Section 2, and Ordinance 51; however, the judgment does not indicate the status of the citations on the docket of the municipal court.

The citations prompted the McPhersons to file the underlying action seeking declaratory judgment and damages. Among other things, they alleged that a building permit was not required for the caboose project because it "represented a small and unimportant work, and the City waived any requirement for a building permit." They sought a declaratory judgment declaring they had not violated any ordinances and the building official's failure to "red tag" the project constituted a "no objection" or waiver of Ordinance 46. Also, the McPhersons contended that Ordinances 46 and 51 were unconstitutionally vague and overly broad. In addition, they sought attorney's fees pursuant to section 36.009 of the Texas Civil Practice and Remedies Code and filed a separate claim for damages for malicious prosecution. In addition to its answer and special exceptions, the City likewise sought declaratory judgment seeking,

3

among other relief, a determination that the McPhersons were in violation of Section 2 of Ordinance 46, mandatory injunctive relief, and attorney's fees.

By its third amended motion for summary judgment, the City sought a declaration that (1) the McPhersons were in violation of Section 2 of Ordinance 46 for (a) constructing a concrete slab adjacent to their residence without obtaining a permit from the City or a variance for non-requirement of a permit, and (b) moving and placing the caboose on the concrete slab without obtaining a permit or variance, (2) there was no basis for the McPhersons' claim of malicious prosecution, or (3) there was no basis for their claims of abuse of process as a matter of law. Following a hearing on the City's motion, the trial court concluded:

- the McPhersons are in violation of Section 2 of Ordinance 46 in (a) constructing a concrete slab on their property without obtaining a permit from the City or a variance for non-requirement for permit and (b) in moving and placing a railroad caboose on the concrete slab on their property without obtaining a variance for non-requirement thereof;

- the McPhersons' claims for malicious prosecution and abuse of process are separate and distinct and are properly severable;

- the McPhersons' claims that Ordinance 51 is unconstitutional are not relevant or material to the determination of the City's motion based on Section 2 of Ordinance 46;

- injunctive relief sought by the City to require the removal of the caboose and pad was proper under section 37.011 of the Tex. Civ. Prac. & Rem. Code; and

rendered judgment accordingly. Before commencing our analysis of the McPhersons' issues, we set forth the appropriate standards of review.

4

## Standard of Review–Summary Judgment

In reviewing summary judgment, this Court must apply the standards established in Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985):

> 1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

> 2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

> 3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

For a party to prevail on a motion for summary judgment, he must conclusively establish the absence of any genuine question of material fact and that he is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). A movant must either prove all essential elements of his claim, MMP, Ltd. v. Jones, 710 S.W.2d 59 (Tex. 1986), or negate at least one essential element of the non-movant's cause of action. Randall's Food Markets, Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995). Once the movant has established a right to summary judgment, the non-movant has the burden to respond to the motion for summary judgment and present to the trial court any issues that would preclude summary judgment. City of Houston v. Clear Creek Basin Authority, 589 S.W.2d 671, 678 (Tex. 1979); Barbouti v. Hearst Corp., 927 S.W.2d 37, 64 (Tex.App.--Houston [1st Dist.] 1996, writ denied). Issues which the non-movant contends preclude the granting of a summary judgment must be expressly presented to the trial court by written answer or other written response to the motion and not by mere reference to summary

5

judgment evidence. McConnell v. Southside School Dist., 858 S.W.2d 337, 341 (Tex. 1993). Issues not expressly presented to the trial court in writing shall not be considered on appeal as grounds for reversal. Tex. R. Civ. P. 166a(c).

By their first issue, the McPhersons contend the trial court erred in granting summary judgment when the judgment failed to dispose of all claims of the parties. By their sixth issue, they contend the trial court erred in ordering a severance of the claims of malicious prosecution and abuse of process. Because we disagree as to both contentions and these two issues implicate the severance of claims, we will consider them simultaneously.

Pursuant to Rule 41 of the Texas Rules of Civil Procedure, the trial court was authorized to sever claims. Severance of claims is proper if the (1) controversy involves more than one cause of action, (2) severed claim is one that would be the proper subject of a lawsuit if independently asserted, and (3) severed claim is not so interwoven with the remaining action that they involve the same facts and issues. Guaranty Federal v. Horseshoe Operating, 793 S.W.2d 652, 658 (Tex. 1990). Also, we review the action of the trial court for abuse of discretion. *Id*. at 658. Moreover, a trial court may grant a severance *sua sponte*. Rice v. Travelers Express Co., 407 S.W.2d 534, 536 (Tex.Civ.App.--Houston 1966, writ ref'd n.r.e.). Considering the claims for malicious prosecution and abuse of process were independent claims and they were severed along with other issues, we are unable to hold the trial court abused its discretion in severing those matters. Due to the severance of the claims, the judgment challenged here is final and subject to appeal. Lehmann v. Har-Con Corp., 39 S.W.3d 191,195 (Tex. 2001). Issues one and six are overruled.

6

By their second issue, the McPhersons contend the trial court erred in granting summary judgment and denying their plea to the jurisdiction on the City's declaratory judgment action when there were pending criminal proceedings on the subject ordinances. We disagree. Section 54.012 of the Texas Local Government Code provides that a municipality may bring a civil action for the enforcement of an ordinance. As we understand their contention, the McPhersons assert that because the section does not authorize simultaneous criminal prosecutions with civil enforcement proceedings, the City could not maintain its counterclaim for declaratory judgment while the criminal prosecutions remained pending. In connection with its argument, they cite City of Longview v. Head, 33 S.W.3d 47 (Tex.App.--Tyler 2000, no pet.); however, that case is not controlling because the underlying civil proceeding was commenced by the McPhersons after the citations for ordinance violations were issued and served. Moreover, the City filed its answer and counterclaim for declaratory judgment as permitted by the Texas Rules of Civil Procedure. Any error in this regard was therefore invited by the McPhersons and may not be considered on appeal as grounds for reversal. *See* Bell v. Showa Denko K.K., 899 S.W.2d 749, 760 (Tex.App.--Amarillo 1995, writ denied). Issue two is overruled.

By their third issue, the McPhersons contend the trial court erred in granting summary judgment when the exclusive civil remedy for enforcement of an ordinance would have been pursuant to sections 54.012 and 54.018 of the Local Government Code and that a declaratory judgment action and mandatory injunction was improper. We disagree.

7

By their multiple responses to the City's motion for summary judgment, the McPhersons did not expressly present to the trial court their contention that a mandatory injunction was not available. Accordingly, this issue may not be considered on appeal as grounds for reversal. Tex. R. Civ. P. 166a(c). *See also McConnell*, 858 S.W.2d at 341. Issue three is overruled.

By their fourth issue, the McPhersons contend the trial court erred in granting summary judgment because material issues of fact regarding their violation of the municipal ordinance existed. By two sub-parts, they allege that issues of fact existed to prevent summary judgment (a) on the City's claim that the placement of the caboose violated Section 2 of Ordinance 46, and (b) regarding unconstitutionally vague and broad language describing properties subject to waiver of the permit requirement. We disagree. Before we commence our review of the two sub-parts, we first note that because the record does not show that the McPhersons' objections to the summary judgment evidence presented by the City were presented to the trial court and a ruling obtained thereon, they may not be considered on appeal. *See* Giese v. NCNB Tex. Forney Banking Center, 881 S.W.2d 776, 782 (Tex.App.--Dallas 1994, no writ); *McConnell*, 858 S.W.2d at 343.

Section 2 of Ordinance 46 provides:

That Section 301(a) of the Uniform Building Code, 1976 Edition, as amended by the City of Lubbock, Texas, which Ordinance was adopted by the Village of Lake Ransom Canyon as its Building Code in Ordinance No. 17 and Section 2:1 of Ordinance No. 24 be and they are amended to read as follows:

Permits required. No person, firm or corporation shall erect, construct, enlarge, alter, repair, move, improve, remove, convert,

8

or demolish any building or structure in the Village, or cause the same to be done, without first obtaining a separate building permit for each building or structure from the building official, except that upon application and *authorization of the building official, a building permit may be waived for small and unimportant work.* No permit will be required for normal repair and maintenance of any building nor shall a permit be required for erection of a fence or construction of a patio so long as any such structure would not constitute a violation of any other provision of the building code.

(Emphasis added).

Sub-part (a). Waiver by Building Official.  Per Section 2, upon application to the building official, the official may waive the requirement of a permit for small and unimportant work. According to the summary judgment evidence, in order to move the caboose to the McPherson property, it's size required that it be placed on a  trailer by a crane, an oversize permit obtained from the Texas Department of Transportation for movement on the highway and placement on the McPhersons' property by crane.  Unlike the construction of a gazebo, a barbeque pit, or a shed for lawn and garden hand tools without plumbing or electrical wiring, which some may consider to be small and unimportant work, the summary judgment evidence considered in the context of a residential subdivision does not raise a fact question that the construction of the concrete pad and the placement of the caboose or the property was both small and unimportant work.  Accordingly, the fact that the building official did not red tag the project is not controlling because the exception for "small and unimportant work" would not have been available.

Sub-part (b). Vagueness challenge. Although our decision in sub-part (a) that no fact question is presented that the installation of the caboose constituted "small and unimportant

9

work," we briefly address the issue. The McPhersons did not apply to the building official for a building permit on any ground. Instead, they appeared before the Architecture Control Committee and twice before the City Council and their requests were denied. The decision of the City Council is not subject to collateral attack as the McPhersons attempt here. *See* Carr v. Bell Sav. & Loan Ass'n., 786 S.W.2d 761, 764 (Tex.App.--Texarkana 1990, writ denied). Issue four is overruled.

By their fifth issue, the McPhersons contend the trial court erred in granting summary judgment ordering removal of the caboose which is outside the scope of permissible declaratory judgment. We disagree.

Pleadings frame the issues for determination. Murray v. O & A Express, Inc., 630 S.W.2d 633 (Tex. 1982). By its second amended cross-petition for declaratory judgment, among other things, the City expressly sought mandatory injunctive relief to require the McPhersons to remove the caboose. Notwithstanding this pleading, the McPhersons did not challenge the appropriateness of injunctive relief by special exception. Accordingly, any contention that injunctive relief would not lie was waived. *See* Tex. R. Civ. P. 90; J.K. & Susie L. Wadley Research Inst. v. Beeson, 835 S.W.2d 689, 693 (Tex.App.--Dallas 1992, writ denied). Further, by its third amended motion for summary judgment, the City also sought injunctive relief. However, by their multiple responses to the City's motion for summary judgment, the McPhersons did not expressly present to the trial court their contention that an order requiring removal by injunction was not appropriate. Accordingly, this issue may not be considered on

10

appeal as grounds for reversal.  Tex. R. Civ. P. 166(a)(c); *see also McConnell*, 858 S.W.2d at 341.  Issue five is overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice