NO. 07-08-0074-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

SEPTEMBER 25, 2008

______________________________


ANTHONY DAVID DRAGER,

                                                                                                 Appellant

v.

THE STATE OF TEXAS,

                                                                                                 Appellee

_________________________________

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 57,042-E; HON. RICHARD DAMBOLD, PRESIDING

_______________________________

Anders Opinion
_________________________________

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
          Anthony David Drager (appellant) appeals his conviction for conspiracy to engage
in organized criminal activity. He entered an open plea of guilty and, after a hearing to the
trial court on punishment, was sentenced to twenty years confinement on each count. 
          Appellant’s appointed counsel has filed a motion to withdraw, together with an
Anders


 brief, wherein she certifies that, after diligently searching the record, she
concluded that appellant’s appeal is without merit. Along with her brief, she has filed a
copy of a letter sent to appellant informing him of counsel’s belief that there was no
reversible error and of appellant’s right to file a response pro se. By letter dated
September 18, 2008, this court also notified appellant of his right to file his own response
by October 20, 2008, if he wished to do so. Appellant has filed a response.
          In compliance with the principles enunciated in Anders, appellate counsel discussed
two potential areas for appeal including defects in the indictment and ineffectiveness of
counsel. Upon her final analysis, counsel determined that no reversible error existed.
Thereafter, we conducted our own review of the record along with appellant’s response to
assess the accuracy of appellate counsel’s conclusions and to uncover any error,
reversible or otherwise, pursuant to Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App.
1991) and concluded the same. 
          Accordingly, the motion to withdraw is granted and the judgment is affirmed. 
 
                                                                           Brian Quinn 
                                                                          Chief Justice
Do not publish.



S.W.2d 59 (Tex. 1986), or negate at least one essential element of the
non-movant's cause of action. Randall's Food Markets, Inc. v. Johnson, 891 S.W.2d 640, 644
(Tex. 1995). Once the movant has established a right to summary judgment, the non-movant
has the burden to respond to the motion for summary judgment and present to the trial court
any issues that would preclude summary judgment. City of Houston v. Clear Creek Basin
Authority, 589 S.W.2d 671, 678 (Tex. 1979); Barbouti v. Hearst Corp., 927 S.W.2d 37, 64
(Tex.App.--Houston [1st Dist.] 1996, writ denied). Issues which the non-movant contends
preclude the granting of a summary judgment must be expressly presented to the trial court by
written answer or other written response to the motion and not by mere reference to summary
judgment evidence. McConnell v. Southside School Dist., 858 S.W.2d 337, 341 (Tex. 1993). 
Issues not expressly presented to the trial court in writing shall not be considered on appeal as
grounds for reversal. Tex. R. Civ. P. 166a(c). 

 By their first issue, the McPhersons contend the trial court erred in granting summary
judgment when the judgment failed to dispose of all claims of the parties. By their sixth issue,
they contend the trial court erred in ordering a severance of the claims of malicious prosecution
and abuse of process. Because we disagree as to both contentions and these two issues
implicate the severance of claims, we will consider them simultaneously.

 Pursuant to Rule 41 of the Texas Rules of Civil Procedure, the trial court was authorized
to sever claims. Severance of claims is proper if the (1) controversy involves more than one
cause of action, (2) severed claim is one that would be the proper subject of a lawsuit if
independently asserted, and (3) severed claim is not so interwoven with the remaining action
that they involve the same facts and issues. Guaranty Federal v. Horseshoe Operating, 793
S.W.2d 652, 658 (Tex. 1990). Also, we review the action of the trial court for abuse of
discretion. Id. at 658. Moreover, a trial court may grant a severance sua sponte. Rice v.
Travelers Express Co., 407 S.W.2d 534, 536 (Tex.Civ.App.--Houston 1966, writ ref'd n.r.e.). 
Considering the claims for malicious prosecution and abuse of process were independent
claims and they were severed along with other issues, we are unable to hold the trial court
abused its discretion in severing those matters. Due to the severance of the claims, the
judgment challenged here is final and subject to appeal. Lehmann v. Har-Con Corp., 39 S.W.3d
191,195 (Tex. 2001). Issues one and six are overruled.

 By their second issue, the McPhersons contend the trial court erred in granting summary
judgment and denying their plea to the jurisdiction on the City's declaratory judgment action
when there were pending criminal proceedings on the subject ordinances. We disagree. 
Section 54.012 of the Texas Local Government Code provides that a municipality may bring a
civil action for the enforcement of an ordinance. As we understand their contention, the
McPhersons assert that because the section does not authorize simultaneous criminal
prosecutions with civil enforcement proceedings, the City could not maintain its counterclaim
for declaratory judgment while the criminal prosecutions remained pending. In connection with
its argument, they cite City of Longview v. Head, 33 S.W.3d 47 (Tex.App.--Tyler 2000, no pet.);
however, that case is not controlling because the underlying civil proceeding was commenced
by the McPhersons after the citations for ordinance violations were issued and served. 
Moreover, the City filed its answer and counterclaim for declaratory judgment as permitted by
the Texas Rules of Civil Procedure. Any error in this regard was therefore invited by the
McPhersons and may not be considered on appeal as grounds for reversal. See Bell v. Showa
Denko K.K., 899 S.W.2d 749, 760 (Tex.App.--Amarillo 1995, writ denied). Issue two is
overruled. 

 By their third issue, the McPhersons contend the trial court erred in granting summary
judgment when the exclusive civil remedy for enforcement of an ordinance would have been
pursuant to sections 54.012 and 54.018 of the Local Government Code and that a declaratory
judgment action and mandatory injunction was improper. We disagree.

 By their multiple responses to the City's motion for summary judgment, the McPhersons
did not expressly present to the trial court their contention that a mandatory injunction was not
available. Accordingly, this issue may not be considered on appeal as grounds for reversal. 
Tex. R. Civ. P. 166a(c). See also McConnell, 858 S.W.2d at 341. Issue three is overruled.

 By their fourth issue, the McPhersons contend the trial court erred in granting summary
judgment because material issues of fact regarding their violation of the municipal ordinance
existed. By two sub-parts, they allege that issues of fact existed to prevent summary judgment
(a) on the City's claim that the placement of the caboose violated Section 2 of Ordinance 46,
and (b) regarding unconstitutionally vague and broad language describing properties subject
to waiver of the permit requirement. We disagree. Before we commence our review of the two
sub-parts, we first note that because the record does not show that the McPhersons' objections
to the summary judgment evidence presented by the City were presented to the trial court and
a ruling obtained thereon, they may not be considered on appeal. See Giese v. NCNB Tex.
Forney Banking Center, 881 S.W.2d 776, 782 (Tex.App.--Dallas 1994, no writ); McConnell, 858
S.W.2d at 343. 

 Section 2 of Ordinance 46 provides: 

 That Section 301(a) of the Uniform Building Code, 1976 Edition, as amended by
the City of Lubbock, Texas, which Ordinance was adopted by the Village of Lake
Ransom Canyon as its Building Code in Ordinance No. 17 and Section 2:1 of
Ordinance No. 24 be and they are amended to read as follows:


 Permits required. No person, firm or corporation shall erect,
construct, enlarge, alter, repair, move, improve, remove, convert,
or demolish any building or structure in the Village, or cause the
same to be done, without first obtaining a separate building permit
for each building or structure from the building official, except that
upon application and authorization of the building official, a
building permit may be waived for small and unimportant work. 
No permit will be required for normal repair and maintenance of
any building nor shall a permit be required for erection of a fence
or construction of a patio so long as any such structure would not
constitute a violation of any other provision of the building code.


(Emphasis added).


 Sub-part (a). Waiver by Building Official. Per Section 2, upon application to the building
official, the official may waive the requirement of a permit for small and unimportant work. 
According to the summary judgment evidence, in order to move the caboose to the McPherson
property, it's size required that it be placed on a trailer by a crane, an oversize permit obtained
from the Texas Department of Transportation for movement on the highway and placement on
the McPhersons' property by crane. Unlike the construction of a gazebo, a barbeque pit, or a
shed for lawn and garden hand tools without plumbing or electrical wiring, which some may
consider to be small and unimportant work, the summary judgment evidence considered in the
context of a residential subdivision does not raise a fact question that the construction of the
concrete pad and the placement of the caboose or the property was both small and unimportant
work. Accordingly, the fact that the building official did not red tag the project is not controlling
because the exception for "small and unimportant work" would not have been available.

 Sub-part (b). Vagueness challenge. Although our decision in sub-part (a) that no fact
question is presented that the installation of the caboose constituted "small and unimportant
work," we briefly address the issue. The McPhersons did not apply to the building official for
a building permit on any ground. Instead, they appeared before the Architecture Control
Committee and twice before the City Council and their requests were denied. The decision of
the City Council is not subject to collateral attack as the McPhersons attempt here. See Carr
v. Bell Sav. & Loan Ass'n., 786 S.W.2d 761, 764 (Tex.App.--Texarkana 1990, writ denied). 
Issue four is overruled.

 By their fifth issue, the McPhersons contend the trial court erred in granting summary
judgment ordering removal of the caboose which is outside the scope of permissible declaratory
judgment. We disagree.

 Pleadings frame the issues for determination. Murray v. O & A Express, Inc., 630
S.W.2d 633 (Tex. 1982). By its second amended cross-petition for declaratory judgment,
among other things, the City expressly sought mandatory injunctive relief to require the
McPhersons to remove the caboose. Notwithstanding this pleading, the McPhersons did not
challenge the appropriateness of injunctive relief by special exception. Accordingly, any
contention that injunctive relief would not lie was waived. See Tex. R. Civ. P. 90; J.K. & Susie
L. Wadley Research Inst. v. Beeson, 835 S.W.2d 689, 693 (Tex.App.--Dallas 1992, writ denied). 
Further, by its third amended motion for summary judgment, the City also sought injunctive
relief. However, by their multiple responses to the City's motion for summary judgment, the
McPhersons did not expressly present to the trial court their contention that an order requiring
removal by injunction was not appropriate. Accordingly, this issue may not be considered on
appeal as grounds for reversal. Tex. R. Civ. P. 166(a)(c); see also McConnell, 858 S.W.2d at
341. Issue five is overruled.

 Accordingly, the judgment of the trial court is affirmed.

 Don H. Reavis

 Justice



 

 

 

 


 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.