154 N.J. Super. 459 (1977)
381 A.2d 831
THE CENTRAL JERSEY BANK AND TRUST COMPANY, A CORPORATION ORGANIZED UNDER THE BANKING LAWS OF THE STATE OF NEW JERSEY, PLAINTIFF,
v.
LADY VAN INDUSTRIES, INC., MICHAEL SANDOMENO, THOMAS FUSARI AND THEODORE ENDRODI, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided November 21, 1977.
*460 Mr. John Wopat for plaintiff The Central Jersey Bank and Trust Company (Messrs. McOmber & McOmber, attorneys).
Mr. Robert D. Tolz for defendant Thomas Fusari (Messrs. Feinberg, Dee & Feinberg, attorneys).
SHEBELL, J.C.C.
Plaintiff bank is the holder of a promissory note which defendant Thomas Fusari has signed both on the face, under the name of the corporate maker of the note, and on the reverse side, under the following printed language:
The endorser or endorsers of this note, in addition to guaranteeing payment thereof, do each hereby waive demand, protest, presentment, and notice of dishonor of this note and any renewal thereof, and further agree that the time for payment may be extended and the terms and conditions thereof may be changed as to amount, rate of interest and as to amount or kind of security pledged or otherwise, without notice to us as endorser and without our consent and without releasing our liability thereon.
The case came on for trial with each party agreeing to a stipulation of facts, the only question being whether the claim was barred by the statute of limitations.
The instrument is a demand note dated November 27, 1968, not under seal, and is for the face amount of $40,000. The note's original interest rate was 7%, however, it appears that interest was renegotiated over the years so that ultimately it evolved to 11%. No demand was made upon defendant until August 15, 1975, and thereafter this action was *461 filed on November 5, 1975. The parties stipulate that $23,250 remains unpaid on the principal obligation and that unpaid interest to December 13, 1976 totals $3,784. The last payment made by the maker was on April 28, 1975 in an amount of $500. Defendant Fusari stipulated to having signed as "a guarantor and endorser." He maintains that the six-year statute of limitations, under N.J.S.A. 2A:14-1, precludes imposing liability, contending his obligation arose on the date of the making of the note and expired six years after that date. Plaintiff acknowledges the applicability of the aforesaid statute but contends that the cause of action did not accrue at the time of the signing of the note by Fusari, but rather it began to run on August 15, 1975 when demand was made upon him to make good on his obligation. Plaintiff contends that N.J.S.A. 12A:3-122(3) is controlling wherein it provides:
A cause of action against a drawer of a draft or an indorser of any instrument accrues upon demand following dishonor of the instrument. Notice of dishonor is a demand.
Defendant takes the position that while he may be "a guarantor and endorser", he is not an "indorser" and therefore the provisions of N.J.S.A. 12A:3-122(3) are not applicable. There is no contention that defendant is liable as a maker.
That the same person may be both an indorser and also a guarantor of a note does not appear to have been the subject of any legal debate in the past although both sides in this action seek to distinguish such roles and the resulting obligations. See Newark Finance Corp. v. Acocella, 115 N.J.L. 388 (Sup. Ct. 1935).
The Uniform Commercial Code became operative in New Jersey in 1963 and the parties must be presumed to have contracted under the law as it existed when the note was made and indorsed. A.J. Armstrong, Inc. v. Janburt Embroidery Corp., 97 N.J. Super. 246 (Law Div. 1967). Nothing in the Code appears to preclude a person from being both *462 an indorser and a guarantor. The language adopted by Fusari as it appears on the note cloaks him with both roles. However, to avoid the application of N.J.S.A. 12A:3-122(3), he distinguishes between the terms "endorser," as used on the note and as it was commonly used prior to the Code, and the term "indorser" as used in the Code. The Code mentions no such distinction and, contemporaneously, Webster's New Twentieth Century Dictionary (2d ed. unabr. 1964), under "indorse" lists the present participle as "to endorse" and only defines "indorser" by stating "same as endorser." Defendant's attempt to distinguish these terms is without merit.
N.J.S.A. 12A:3-416(1), entitled "Contract of Guarantor," declares:
"Payment guaranteed" or equivalent words added to a signature mean that the signer engages that if the instrument is not paid when due he will pay it according to its tenor without resort by the holder to any other party.
The "Contract of Indorser" under N.J.S.A. 12A:3-414 (1)  providing the indorser does not otherwise specify  is the same as the obligation of a guarantor except that an "indorser engages that upon dishonor and any necessary notice of dishonor and protest he will pay the instrument according to its tenor. * * *"
N.J.S.A. 2A:14-1, which is the six-year, statute of limitations, requires that this action "shall be commenced within six years next after the cause of ... action shall have accrued." The cause of action against a maker of a demand note is deemed to accrue both under the common law and the Code upon its date or, if it is undated then at the time it is issued. Denville Amusement Co., Inc. v. Fogelson, 84 N.J. Super. 164 (App. Div. 1964). Defendant urges that since there is no requirement of dishonor or notice of dishonor required as a precedent to liability of a guarantor, that the action against the guarantor accrued on the date of the note and that payment by the maker does not extend the statute *463 of limitations as to him. The application of the statute of limitations as urged by defendant would narrow the responsibility of a guarantor so that it would not be coextensive with the liability of the maker or that of an indorser. The language of the guarantee in question does not reveal any such intent of the parties and there is no compelling social or equitable reason for such application. Such a holding would, in fact, create added burden to commercial transactions by requiring renewal of guarantees even while responsibility of the maker was still being fulfilled by regular payment. The guarantor had expressly waived notice of extensions or renegotiations under the original guarantee agreement which would be a misleading and somewhat meaningless act under defendant's interpretation. Such application would also mean that a guarantor invariably would not also be subject to the obligations of the Code pertaining to indorsers, whereas a commonsense reading of the Code is to the contrary.
The within action having been commenced less than six years after default by the maker, and during the time when the liability of the maker has not been extinguished, as well as, within the limitation applicable to indorsers, the defense of the statute of limitations is not available to the defendant Fusari, who is an indorser as well as guarantor. Judgment will be entered for plaintiff and against defendant Fusari upon presentation of an appropriate order for judgment.