**Refugio FERNANDEZ by Feliz Garza Fernandez, Agent and Attorney In Fact, Appellant,**

v.

**Roberto Oscar VILLARREAL et al., Appellees.**

No. 14362.

Court of Civil Appeals of Texas.

San Antonio.

March 17, 1965.

J. G. Hornberger, Laredo, for appellant.

P. A. Kazen, Hall, Hall & Juarez, Laredo, for appellees.

BARROW, Justice.

Appellant, Refugio Fernandez, acting by and through his wife, Feliz Garza Fernandez, as his agent and attorney, brought this trespass to try title suit against appellees, Roberto Oscar Villarreal and others. The trial court entered a judgment on July 29, 1964, in accordance with an asserted agreement of the parties, acting by and through their attorneys, made in open court on November 12, 1963. The question on this appeal is whether this judgment is valid as a consent judgment.

On November 12, 1963, the attorneys for both parties appeared in open court and announced that a settlement had been made between the parties, none of whom were personally present at the time. The attorney then representing appellant dictated the settlement agreement to the court reporter in open court. The court then said: "The case is now out of the docket." Shortly thereafter, appellant refused to go along with the purported agreement, and his attorney who had made the settlement withdrew from the case. Appellees filed their motion for judgment in accordance with the agreement, which motion was heard on June 14, 1964, and at that time the court, without hearing any evidence, announced that it was going to enter judgment on the agreement.

In Burnaman v. Heaton, 150 Tex. 333, 240 S.W.2d 288, the Supreme Court, in determining a case with a very analagous factual situation, stated the applicable rule as follows: "A valid consent judgment cannot be rendered by a court when consent of one of the parties thereto is wanting. It is not sufficient to support the judgment that a party's consent thereto may at one time have been given; consent must exist at the very moment the court undertakes to make the agreement the judgment of the court." In that case the Court held invalid a purported consent judgment based upon the agreement of both attorneys in open court on March 23, 1949, that plain-

tiff have judgment for ten thousand dollars and court costs, which agreement was noted on the docket. On March 21, 1949, the attorneys stated in open court that the case was settled for this amount, and the court discharged the jury. Before judgment was rendered on March 23, facts came to the attention of the trial court, which the Supreme Court held should have put the judge on inquiry that the plaintiff did not agree with this settlement.

Appellees recognize the similarity of the facts in Burnaman v. Heaton, supra, with those in this case, but urge that the trial court rendered judgment on this settlement on November 12, 1963, and at that time all parties, through their attorneys, consented to the agreement.

■ It is our opinion that the act of the trial court in ordering this case removed from the docket was not a rendition of the judgment. In Kittrell v. Fuller, Tex.Civ.App., 281 S.W. 575, writ refused, it was said that the rendition of the judgment is the judicial act by which the court settles and declares the decision of the

law upon the matter at issue. In Corder v. Corder, Tex.Civ.App., 189 S.W.2d 100, writ refused, it was said that rendition of a judgment is its announcement in open court, and that judgment is not rendered until it has been completely announced. All the trial court did in this case was to recognize that a settlement had been made and to remove the case from the trial docket. This was similar to the trial court's discharging the jury on March 21, in Burnaman v. Heaton, supra.

■ The record reflects that this judgment was not rendered by the court until June 14, 1964, pursuant to appellees' motion for judgment. Under the undisputed record, appellant did not consent at that time to the terms of the purported settlement, and therefore it follows that this judgment cannot stand as a consent judgment. Burnaman v. Heaton, supra; Owen v. Finigan, Tex.Civ.App., 381 S.W.2d 578, writ ref., n. r. e.

The judgment is reversed and the cause remanded.