Herbert M. BEAZLEY et al., Appellants,

v.

Nowlin RANDOLPH et al., Appellees.

No. 14921.

Court of Civil Appeals of Texas.

Houston.

Dec. 8, 1966.

Rehearing Denied Dec. 22, 1966.

Joseph D. Jamail and John Gano, Houston, for appellants.

Herbert M. Beazley, Houston, pro se, and as attorney for Mrs. Mary Gaillard, Julia Beazley, Rosadele Beazley, Hamilton Beazley, Sr., Hamilton Beazley, Jr., and Herbert M. Beazley.

Branscomb, Gary, Thomasson & Hall, Harry L. Marks, Corpus Christi, for Jack Modesett, Jr., Nan Modesett Morgan and Fred Morgan.

Nowlin Randolph, Houston, pro se.

Rolland Bradley, Houston, pro se.

COLEMAN, Justice.

This was a suit for the partition of real estate brought by appellee, Nowlin Randolph, against appellee, Rolland Bradley and various appellants. The trial court entered a judgment designated "An Agreed Order of Partition" and this appeal followed.

There has been no trial on the merits of this cause. During a pre-trial hearing, the parties reached an agreement on a tentative settlement of the case subject to the approval of one of the parties. Mr. Randolph and Mr. Bradley agreed to accept in joint ownership 14¼ acres off of the south end of a 59½ acre tract of land "to be surveyed" by a named surveyor. An agreed judgment was prepared and submitted to the parties for approval. During the course of a hearing for another purpose, the trial court learned of the failure of the settlement and that none of the parties objected to the terms of the "Agreed Order of Partition" with the exception of the provision for having a survey made after the judgment was entered. The trial court ascertained that Mr. Randolph and Mr. Bradley had no objections to the terms of the judgment. He then asked Mr. Beazley what his objection was and was told that he and his clients objected to the entry of the judgment before the survey was made. Thereupon the trial court, without the suggestion or request of anybody, signed the judgment "because it embodied the agreement of the parties".

The trial court found as a fact that "the provision for the appointment of a surveyor is exactly in accordance with the agreement made in my office * * *, said provision having been included in the original agreement at my office at my suggestion."

■ Although the parties to a lawsuit have agreed on all of the terms of a settlement, the trial court is not authorized to sign a judgment as an agreed order without a trial on the merits when at the time the judgment is signed the judge knows that one of the parties objects to his signing and entering the judgment. Burnaman v. Heaton, 150 Tex. 333, 240 S.W.2d 288 (1951); Wyss v. Bookman, 235 S.W. 567 (Tex.Com.App.1921); Fernandez v. Villarreal, 388 S.W.2d 766 (Tex. Civ.App., San Antonio 1965, no writ hist.).

Appellants contend that this case is distinguished from Burnaman v. Heaton, supra, in that here the judgment entered was one enforcing a contract of settlement. They cite Gilliam v. Alford, 69 Tex. 267, 6 S.W. 757; J. Kahn & Co. v. Clark, 5 Cir., 178 F.2d 111; Irwin v. Huey, Tex. Civ.App., 23 S.W. 324; Ward v. Wilson, 92 Tex. 22, 45 S.W. 8; Milner v. Schaefer, Tex.Civ.App., 211 S.W.2d 600, and other cases.

■ This is a direct appeal from the judgment. There was no pleading that a compromise settlement had been agreed upon and no prayer that it be enforced. Issue was not joined on this question. It is evident from the record that there was no trial on the merits and that the parties did not agree that the judgment be entered. The trial court erred in entering the judgment. Ward v. Wilson, supra; Burnaman v. Heaton, supra; Glenn v. Nelis, 400 S.W.2d 395 (Tex.Civ.App., Houston 1966, no writ hist.).

The judgment is reversed and the cause is remanded to the trial court.