**Laverne WIDEMAN, Appellant,**

v.

**Walter WIDEMAN, Appellee.**

**No. 4835.**

Court of Civil Appeals of Texas.

Waco.

Oct. 16, 1969.

Charles Chapman, pro se.

Carol S. Vance, Dist. Atty., Houston, Robert Floyd and Joe S. Moss, Asst. Dist. Attys., Houston, and Jim Vollers, State's Atty., of Austin, for the State.

Robert G. Carter, Marlin, for appellant.

Charles Smith, Jr., Cameron, Wm. H. Brigham, Waco, for appellee.

## OPINION

WILSON, Justice.

A decree of divorce was rendered in this case in 1966. Custody of minor children, child support payments and property rights were dealt with in that judgment. Two years later the husband filed a petition for a bill of review seeking to set aside that decree on the ground it was the result of an agreement, and the wife had failed to perform certain obligations required of her by the agreement and resulting decree concerning property.

The agreement which the petition for bill of review alleges was breached by the wife relates to the leasing of a homestead set aside by the divorce decree for the use of the wife and the minor children. It is alleged the wife leased this realty to a third person, rather than to the husband, as agreed.

When the bill of review proceeding was called for trial and a jury had been selected, the parties agreed upon and dictated in chambers to the court reporter a compromise settlement agreement. It was transcribed by the reporter and filed with the clerk. It recited an agreement to create a trust by which the realty was to be conveyed to a bank as trustee. It was agreed the husband would pay certain delinquent taxes and any past due child support. No judgment was then rendered.

Seven months after the latter agreement was made the husband filed a motion that judgment be rendered in the bill of review proceeding in accordance with the compromise settlement agreement. The wife opposed the motion for judgment alleging the compromise settlement agreement was conditioned on payments by the husband which he had not made; and that the husband's remedy was not a motion for judgment, but an action to enforce the agreement.

At the hearing on the motion for judgment the parties tried the issue of whether the payments required by the compromise settlement agreement had been made. The court rendered a judgment approving the agreement and directing that its trust provisions be carried out.

Appellant has not attacked the propriety of the bill of review proceedings, nor presented a contention as to whether any tenable ground for vacating the original judgment is alleged.[1] Consequently, we do not decide that question.

It is only necessary to point out that at the time the judgment approving the settlement was rendered the wife's consent was lacking to rendition of that judgment. "A valid consent judgment cannot be rendered by a court when consent of one of the parties thereto is wanting. It is not sufficient to support the judgment that a party's consent thereto may at one time have been given; consent must exist at the very moment the court undertakes to make the agreement the judgment of the court". Burnaman v. Heaton, 150 Tex. 333, 240 S. W.2d 288, 291. Appellant's contention to this effect is sustained.

The judgment appealed from dated April 2, 1969 is reversed and vacated and the cause is remanded.

---

1. Ordinarily, "breach of an agreement or promise respecting matters to be done after judgment is not ground for vacating it." I Freeman, Judgments, 5th ed., Sec. 236a p. 468.