**NATIONAL MARITIME UNION et al., Appellants,**

v.

**Mary B. ALTMAN, Appellee.**

**No. 8148.**

Court of Civil Appeals of Texas, Beaumont.

June 15, 1978.

Rehearing Denied July 13, 1978.

Jon B. Burmeister, Port Arthur, for appellants.

Shelby K. Long, Port Arthur, for appellee.

KEITH, Justice.

Defendant below appeals from an order entered in the trial court enforcing an agreement to settle a disputed claim theretofore pending in such court. We affirm.

Plaintiff below, the widow of a member of the defendant union, claimed that she was entitled to benefits from the pension plan provided by the union. She brought suit claiming benefits of approximately $18,000 and the defendant answered by a general denial. After some discovery, and at a time when the case was upon a trial setting, counsel for the parties entered into settlement negotiations which finally culminated in plaintiff's counsel addressing a letter to defendant's counsel offering to settle the case for the cash payment of $12,000. A month later, defendant's counsel sent him a form of judgment to be entered which correctly set out the terms of the compromise, and a set of releases to be executed by plaintiff and her counsel.

The covering letter transmitting the settlement documents included in its caption the cause number and style of the pending litigation, and we set out its contents in the margin.[1] Plaintiff, who resided in the State of Mississippi, came to Texas, signed the documents as requested by defendant's counsel, and her lawyer then returned them to defendant's counsel.

Thereafter, the New York office—at the time the check was being "cut"—discovered (so it claims in an affidavit of one of its agents) that plaintiff, having earlier drawn certain financial benefits from the union fund, was not entitled to $12,000 but a smaller sum. It then instructed its counsel of record to repudiate the settlement agreement.

Upon notice of repudiation of the agreement, plaintiff then filed her motion in the original and still pending suit to enforce such settlement agreement. After a hearing and the receipt of testimony, the trial court entered the judgment originally submitted by defendant's counsel to the plaintiff which had been repudiated by his client.[2]

1. "Enclosed please find original and two copies of Final Judgment and Release which I have prepared with respect to the above styled and numbered cause. If same meets with your approval, please see to the execution of an original and one copy and return same to me. I have provided a copy for your files.

"Once I have received the executed instruments back from you, we will enter same with the Court. Once the instruments have been entered with the Court, the New York office will forward the checks to me."

2. There was a slight difference in the judgment proposed by defendant's counsel and the one entered: it was provided in the original judgment that a portion of plaintiff's recovery was payable monthly and the judgment entered simply brought these installment payments up

Defendant made no effort to dispute the authority of its attorney to negotiate the settlement agreement but contends that there was a unilateral mistake on its part in determining the maximum amount of benefits to which plaintiff was entitled. It makes no contention that it was overreached or that any act or declaration of the plaintiff or her counsel contributed to the mistake it claims was made in its New York office.

Defendant's appeal relies heavily upon *Tex.R.Civ.P. 11*[3] and *Burnaman v. Heaton,* 150 Tex. 333, 240 S.W.2d 288 (1951). We are not persuaded by defendant's argument and affirm the judgment of the trial court.

In *Stewart v. Mathes,* 528 S.W.2d 116, 118–119 (Tex.Civ.App.—Beaumont 1975, no writ), we discussed the distinction between the *Burnaman Rule*[4] and the enforcement of an agreement to settle a case. We adhere to that decision and, for the reasons set out in *Stewart v. Mathes,* we do not find *Burnaman* to be controlling in this cause.

Our case is even stronger than the fact structure underlying *Fail v. Lee,* 535 S.W.2d 203 (Tex.Civ.App.—Fort Worth 1976, no writ), wherein the settlement agreement was enforced. We adopt the rationale of *Fail v. Lee* as applicable to our case. See also Comment in *31 Sw.L.J.,* at 342–343 (1977), discussing *Stewart v. Mathes,* supra.

Finding no error, all of defendant's points are overruled and the judgment of the trial court is AFFIRMED.

to date in the lump sum provided therein. Otherwise, the judgment agreed upon by the parties and the one entered is identical to and including some unusual expressions not ordinarily encountered in judgments.

3. *Rule 11:* "No agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record."

4. In a very recent case, *Williams v. Hollingsworth,* 568 S.W.2d 130 (1978), it was said: "It is a settled rule that a valid consent judgment cannot be rendered by a court when consent of one of the parties thereto is wanting. *Burnaman v. Heaton,* 150 Tex. 333, 240 S.W.2d 288 (1951)."