**Louis P. QUINTERO and Wife, Paula Quintero, Appellants,**

v.

**JIM WALTER HOMES, INC., Appellee.**

**No. 2407cv.**

Court of Appeals of Texas,
Corpus Christi.

Feb. 24, 1983.

Rehearing Denied March 31, 1983.

Francis I. Gandy, Jr., Corpus Christi, for appellants.

Mike Mills, W.D. Seyfried, III, Atlas & Hall, McAllen, for appellee.

Before BISSETT, YOUNG and KENNEDY, JJ.

## OPINION

YOUNG, Justice.

Louis P. and Paula Quintero appeal from a trial court order dismissing their suit against Jim Walter Homes, Inc. We affirm.

Hector Gonzalez filed a petition on behalf of the Quinteros claiming that Jim Walter Homes had violated the Deceptive Trade Practices Act and the Consumer Credit Code. The cause proceeded to trial and resulted in an award of $78,385.65 to Mr. & Mrs. Quintero. Judgment was signed on May 27, 1981.

During the Spring of 1981, Hector Gonzalez was negotiating an aggregate settlement for 349 cases filed against Jim Walter Homes. The Quintero case was among these. Juan Gussoni, office manager of the Gonzalez firm, explained to the Quinteros that if they pursued their case, they might receive more money than if they settled but that it would be years before they would obtain it. He explained the meaning of the release documents and the amount which they would receive. Mr. & Mrs. Quintero executed a release of all claims against Jim Walter Homes on June 11, 1981. The attorneys representing Jim Walter later received the release together with a motion to dismiss the case signed by Thomas Schumacher, an associate of the Gonzalez firm. Meanwhile, the trial court retained jurisdiction pending a ruling on a motion for new trial filed by the defendants.

On July 24, 1981, the Quinteros filed with the trial court a notice of their disapproval of the settlement and their revocation of Mr. Gonzalez' authority to act as their lawyer. The joint motion to dismiss was filed on August 6, 1981, and granted after a hearing. Although there was some evidence that the Quinteros did not completely understand the significance of their signing the release, there was no evidence of fraud or any wrongdoing on the part of the defendants which could have induced the plaintiffs to sign.

The basis of the appeal is that the trial court erred in granting the motion to dismiss because at the time of the ruling, the plaintiffs did not consent to the settlement. They also argue that the Gonzalez firm lacked authority to enter a consent judgment on their behalf. The appellants refer us to *Burnaman v. Heaton,* 150 Tex. 333, 240 S.W.2d 288 (Tex.1951), which dealt with the propriety of a trial court's decision to accept a settlement announced by attorneys in open court. In that case, the plaintiff was hospitalized at the time of the announcement and information that she disapproved of her attorney's action was brought to the court's attention before judgment was entered. *Burnaman* is readily distinguishable from the case at bar. In this case, the plaintiffs not only knew of the agreement, but signed it themselves. This release is a contract which is binding upon the Quinteros even if there was a mistake on their part or the part of their attorneys. *National Maritime Union v. Altman,* 568 S.W.2d 441, 443 (Tex.Civ.App.—Beaumont 1978, writ ref'd n.r.e.). Since they signed the release themselves, the Quinteros cannot now complain of a lack of authority on the part of their attorneys.

We have considered all of the appellants' points of error and find them to be without merit. Because we affirm the trial court's judgment of dismissal, we deem it unnecessary to review appellee's cross-points and appellants' motion to strike that part of the appellee's brief urging the cross-points.

The judgment of the trial court is affirmed.