Joy YATES, Appellant,

v.

William YATES, Appellee.

No. 05-85-01175-CV.

Court of Appeals of Texas, Dallas.

June 17, 1986.

Rehearing Denied Aug. 1, 1986.

Minor E. Pounds, Jack Johannes & Associates, Dallas, for appellant.

J. Patrick Spruiell, Bartlett & Spruiell, Canton, for appellee.

Before AKIN, VANCE and GUILLOT, JJ.

AKIN, Justice.

Joy Yates appeals from an order denying her petition for bill of review. In a single point of error, Joy contends that the refusal to grant her petition was error because she met all three prongs of the test set forth by the supreme court in *Alexander v. Hagedorn*, 148 Tex. 565, 226 S.W.2d 996, 998 (1950). We disagree with this contention; consequently, we affirm the judgment of the trial court.

Under *Hagedorn*, a petitioner for equitable bill of review must "allege and prove: (1) a meritorious defense to the cause of action alleged to support the judgment, (2) which he was prevented from making by the fraud, accident or wrongful act of the opposite party, (3) unmixed with any fault or negligence of his own." *Id.* The grounds upon which review of a final judgment by means of bill of review will be granted are "narrow and restricted." *Id.* This is because of the fundamental importance of the finality of judgments in the administration of justice. *Id.* Consequently, courts are reluctant to create more exceptions than necessary, and the rules are not relaxed in a particular case because an injustice appears to have been done. In this case, the only question presented is whether Joy's petition for bill of review met the requirements of the second part of the above test. We hold that it did not.

The act in this case is an alleged error on the part of Joy's attorney in the original divorce proceeding. In particular, Joy's petition for bill of review alleges that her attorney in the prior proceeding filed a document which stated that Joy had sold

her interest in certain property to William Yates after their divorce and requested that the order holding the matter in abeyance be discontinued and final judgment rendered. The court did as requested, making the divorce judgment final and stating that Joy had sold her interest in the property to William. Joy now asserts that her attorney acted without her knowledge, authority, or consent in making this statement to the court, and that the statement was untrue. However, Joy specifically denies that her prior attorney committed any fraud or intentional wrongdoing.

Although these allegations clearly do not meet the test as stated in *Hagedorn*, Joy asserts that the second part of the *Hagedorn* test has been expanded by later case law to include circumstances other than actions of the opposite party, citing *Baker v. Goldsmith*, 582 S.W.2d 404, 407 (Tex. 1979). We agree that under *Baker* an act of an officer of the court, or of the "court or a functionary thereof," may suffice as the act necessary under the second prong of the *Hagedorn* test. Nevertheless, we hold that, as a matter of law, a possible mistake by a party's attorney is not an adequate basis for granting equitable bill of review.

We recognize that some authority exists for holding that *fraud* by the party's attorney can be a justification for the granting of a bill of review. *Briscoe v. Transworld Financial Services Corporation*, 705 S.W.2d 288, 292 (Tex.App.—San Antonio 1986, no writ). But the court in *Briscoe* expressly recognized, and we agree, that the mere *negligence* of the party's attorney cannot justify the extraordinary remedy of bill of review. In filing this document, Joy's attorney acted as her agent, with apparent, if not actual, authority, to do so. The negligence of the agent is chargeable to the principal, and "mere negligence" cannot justify equitable relief. *Id.*

We also recognize that a "consent judgment" may be "void" if entered into by the attorney without the actual present consent of his client, *if* the court rendering such a

judgment had notice of the lack of consent of the party, or notice of information which would reasonably lead to inquiry which would so inform the court at the time it rendered judgment. *Burnaman v. Heaton*, 150 Tex. 333, 240 S.W.2d 288, 291–92 (1951). Here, there is no allegation that the prior judgment is void because rendered when the court had knowledge of Joy's lack of consent, or of facts which should have led it to make further inquiry. To the contrary, this case is comparable to *Dunlap v. Villareal*, 91 S.W.2d 1124 (Tex. Civ.App.—San Antonio 1936, no writ), where the plaintiff's pleadings were inadequate to justify setting aside a judgment rendered four years earlier as agreed to by the plaintiff's attorneys. That court specifically noted that the plaintiff alleged only lack of her knowledge or consent—not that her attorneys acted fraudulently or otherwise engaged in wrongful conduct. Although another basis for the decision in *Dunlap* was that the plaintiff there also failed to plead no lack of diligence on her part, that court's reasoning on the distinction between fraud and mistake is persuasive. Here, Joy has failed to plead a sufficient act, either of the opposite party or of her own attorney, to justify the equitable relief she seeks.

Consequently, because Joy's petition for equitable bill of review failed to allege all of the necessary grounds upn which a bill of review could have been granted, we affirm the judgment of the trial court denying the petition.