COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-06-422-CV

 

 

HIEN KHAC VU                                                                   APPELLANT

 

                                                   V.

 

VICKY
MONG NGUYEN AND                                          APPELLEES

TAMMY
MONG NGUYEN                                                                      

 

                                              ------------

 

            FROM
THE 325th DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

I.  Introduction








In two issues, Appellant Hien
Khac Vu (AVu@) asserts error on the part of the trial court in entering an Agreed
Final Decree of Divorce based on a Rule 11 agreement to which Vu allegedly did
not consent, and in denying Vu=s Motion for New Trial, again based on the Rule 11 agreement to which
he did not consent.  Vicki Nguyen and
Tammy Nguyen have not filed a response in this appeal.  

II.  Factual and Procedural Background

It is appropriate in this
case to create a time line of events, which is as follows:

February 22, 2005       Wife Vicki Nguyen files for divorce,
represented by Joseph Bui.

 

April 11, 2005            Husband Hien Khac Vu answers,
represented by Philip Nguyen.

 

February 8, 2006 Intervenor and sister of wife Tammy Nguyen
files intervention, represented by Joseph Bui.

 

July 19, 2006             Rule 11 Settlement Agreement signed
by Joseph Bui and Philip Nguyen, and faxed filed with the Court.

 

July 20 or 21, 2006    According to Bui, he informs the Court=s
bailiff that the case is settledCapparently Judge is not
informed.

 

July 26, 2006             Case dismissed for want of
prosecution. 

 

July 31, 2006             Vu instructs Philip Nguyen to stop
work on his case and send the file to his new attorney, Tammy Tran.

 

July 31, 2006 Tammy
Tran instructs Philip Nguyen to stop all activity in the case, as she is Vu=s new
counsel. 

 








August 1, 2006          Tammy Tran notified Joseph Bui of
change of counsel.

 

August 1, 2006          Joseph Bui filed Motion to Enter Final
Decree of Divorce.

 

August 1, 2006          Petitioner and Intervenor=s
Motion to Reinstate filed by Joseph Bui, served by fax on Philip Nguyen.[2]

 

August 3, 2006          New divorce petition filed for Vu by
Tran.

 

August 4, 2006          Joseph Bui notified Philip Nguyen of
August 24, 2006 hearing on Motion to Reinstate and Enter Final Decree of
Divorce.

 

August 24, 2006 Order Granting Motion to Reinstate signed.  Agreed Final Decree of Divorce signed and
approved by Vicki Nguyen and Tammy Nguyen. 
Approved as to form by Joseph Bui and Philip Nguyen.[3]

 

September 23, 2006    Opposed Motion for New Trial filed by Tammy
Tran and Robert Clark, attorneys for Vu.

 

November 17, 2006     Notice of Appeal filed.

 

November 30, 2006     Motion for New Trial denied.

 








According to the affidavit of
Vu filed in connection with his Opposed Motion for New Trial, he never agreed
with the Agreed Final Decree of Divorce faxed to him on July 24, 2006 by his
previous attorney, Philip Nguyen.  He
informed Nguyen that he did not agree and refused to sign the Rule 11 agreement
in connection therewith, and this was the reason that he stopped Philip Nguyen
from taking any further action in the case and hired Tammy Tran. According to
the same motion, Ms. Tran did not substitute into the case as Vu=s attorney because when she contacted the court following her
communication with Vu, she learned that the case had been dismissed a few days
before and that no Motion to Reinstate had been filed, which is also why the
new petition for divorce was filed by her on Vu=s behalf on August 3, 2006.

III.  Analysis

In both of his issues, Vu
complains that the trial court=s error was based on his lack of consent to the provisions of the Rule
11 agreement which was the basis for entering the agreed final decree of
divorce and the denial of his motion for new trial.  








An out-of-court Rule 11
agreement may be between the attorneys or parties, must be in writing, signed,
and filed with the court as part of the record of the court.  Tex.
R. Civ. P. 11.  Such a rule has
existed since 1840, with the filing requirement being in existence since
1877.  See Kennedy v. Hyde, 682
S.W.2d 525, 526 (Tex. 1984).  

As we
said in Kennedy, ARule
11 is a minimum requirement for enforcement of all agreements concerning
pending suits.@   The rule provides, with certain exceptions
not relevant here, that Ano
agreement between attorneys or parties touching any suit pending will be
enforced unless it be in writing, signed and filed with the papers as part of
the record, or unless it be made in open court and entered of record.@  Tex.
R. Civ. P. 11.  The rule has long
been a part of Texas jurisprudence.  One
hundred and fifty years ago, we recognized the wisdom of eschewing the verbal
agreements of counsel in favor of written ones, noting that the vicissitudes of
memory would otherwise Abeget
misunderstandings and controversies.@  The rule continues to be an effective tool
for finalizing settlements by objective manifestation so that the agreements Ado
not themselves become sources of controversy.@  In short, settlement agreements Amust
comply with Rule 11 to be enforceable.@ 

 

Knapp Med. Ctr. v. De La Garza, 238 S.W.3d 767, 768 (Tex. 2007) (citations omitted).  The purpose of a Rule 11 agreement is to
avoid disputes over the terms of oral settlement agreement.  Padilla v. LaFrance, 907 S.W.2d 454,
461 (Tex. 1995).  If consent to settle is
withdrawn by a party, the filing, to be effective, does not have to occur
before consent is withdrawn, but only before it is sought to be enforced.  Id. 
Such an agreement can be signed by either the party or the party=s attorney.  Ebner v. First
State Bank of Smithville, 27 S.W.3d 287, 297 (Tex. App.CAustin 2000, pet. denied).  








It appears in this case that
these signing and filing requirements were met with the Rule 11 agreement in
question.  However, evidence was adduced
at the Opposed Motion for New Trial hearing that consent had been withdrawn
prior to judgment and that Vu=s attorney was so informed. 
When consent is withdrawn, a court cannot enter a valid agreed judgment,
but is not precluded, after notice and hearing from enforcing a Rule 11
agreement even though one side does not consent to the agreement.  Id. 
Examples of these include  Quintero
v. Jim Walters Homes, Inc., 654 S.W.2d 442, 444 (Tex. 1983); Burnaman v.
Heaton, 240 S.W.2d 288, 291 (Tex. 1951). 
Both cases involve the reversal of an agreed judgment entered by the
trial court accompanied by the observation that the reversal was without
prejudice to the rights of the reversed party to plead and prove an enforceable
settlement agreement, and as noted in the Burnaman case, the right of a
client to prove that his attorney did not have the authority to enter into such
an agreement.  Jim Walters Homes,
652 S.W.2d at 444; Burnaman, 240 S.W.2d at 291.  

We hold that the trial court
abused its discretion in failing to grant the opposed motion for new trial when
confronted with uncontradicted evidence that Vu had withdraw his consent, if
indeed such consent existed, prior to the entry of the agreed judgment.  

 








IV.  Conclusion

Having sustained Vu=s second issue, the judgment of the trial court is reversed and
remanded for further proceedings consistent with this opinion.

 

 

 

BOB MCCOY

JUSTICE

 

PANEL B:   GARDNER, WALKER, and MCCOY, JJ.

 

DELIVERED:
April 24, 2008

 











[1]See Tex. R. App. P. 47.4.





[2]The exact sequence of the three
August 1, 2006 communications and filings is unclear.





[3]It appears that this signature was
sent and received by fax on July 24, 2006.