Affirmed; Opinion Filed January 15, 2013.



In The

# Court of Appeals
# Fifth District of Texas at Dallas

---

No. 05-11-01076-CV

---

SHAHN MARKARIAN, Appellant

V.

ARUSYAK MARKARIAN, Appellee

---

On Appeal from the 380th District Court
Collin County, Texas
Trial Court Cause No. 380-50570-2010

---

## MEMORANDUM OPINION

Before Justices Moseley, Fillmore, and Myers
Opinion By Justice Moseley

In Shahn and Arusyak Markarian's divorce proceeding, the trial court entered the parties'

Agreed Final Decree of Divorce (Final Decree). In two issues, Shahn Markarian contends the trial

court erred by entering the Final Decree because (1) the Final Decree was not "filed" within the

meaning of rule 11 before the trial judge signed the decree, and (2) Shahn's filing of a counter

petition and answer should have prompted the judge to investigate whether Shahn still agreed to the

terms of the decree. The background and facts of the case are well-known to the parties; thus, we

do not recite them here in detail. Because all dispositive issues are settled in law, we issue this

memorandum opinion. See TEX. R. CIV. P. 47.2(a), 47.4. We affirm the trial court's judgment.

In February 2010, Arusyak filed a petition for divorce. Shortly thereafter, the parties

negotiated and executed the Final Decree. Despite signing the Final Decree, Shahn and Arusyak continued to negotiate the terms of their divorce for more than a year. During the negotiation period, neither party filed the Final Decree with the trial court or formally revoked his consent to the Final Decree. On May 19, 2011, approximately fifteen months after the divorce proceeding was initiated, Shahn filed his original answer and counter petition for divorce.

On May 20, 2011, after further negotiations failed to yield a new agreement to replace the executed Final Decree, Arusyak appeared before the trial court and presented the Final Decree in a prove-up hearing; the trial court accepted the Final Decree. Subsequently, Shahn filed a motion to set aside the decree on the ground he had revoked consent and the trial court should have known about his revocation because he filed his answer and counter petition the day before Arusyak appeared to prove up the Final Decree. The trial court denied the motion. Shahn appealed.

In his first issue, Shahn argues the Final Decree did not meet the requirements of rule 11 because the decree was not "filed" before it was signed by the trial judge and enforced as required by rule 11. Rule 11 states: "Unless otherwise provided in these rules, no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record." TEX. R. CIV. P.. 11. Because the Final Decree was not an agreement made in open court, it must be (1) in writing, (2) signed, and (3) filed with the papers as part of the record to constitute a rule 11 agreement. See TEX. R. CIV. P. 11. Although rule 11 requires the writing to be filed as part of the record, the rule does not state *when* the writing must be filed. *Padilla v. LaFrance*, 907 S.W.2d 454, 461 (Tex. 1995). The purpose of the filing requirement is to put the agreement before the court so that "'the court can judge of [its] import, and proceed to act upon [it] with safety.'" *Id.* (quoting *Birdwell v. Cox*, 18 Tex. 535, 537 (1857)). This purpose "is satisfied so long as the agreement is

-2-

filed before it is sought to be enforced." *Id.*; *In re Guthrie*, 45 S.W.3d 719, 728 (Tex. App.—Dallas 2001, pet. denied) (enforcing rule 11 agreement first presented at trial, but before trial court rendered judgment and judgment became final); *see also* TEX. R. CIV. P. 11 (trial court can enforce agreement in "any suit pending").

Arusyak presented the Final Decree to the judge, who noted it "has been executed by both parties" before approving the parties' agreement. The parties' failure to file the Final Decree before the prove-up hearing is not dispositive because the Final Decree was filed as part of the record prior to any attempted enforcement and while the suit was pending. *See Padilla*, 907 S.W.2d at 461; TEX. R. CIV. P. 11. We would be loath to hold that the rule includes a formalistic requirement that all such documents be file-stamped by the clerk prior to being used at a hearing, especially in a case like this where the primary purpose of the filing requirement—allowing the court to judge the document's import prior to rendering judgment—is fulfilled. Because the Final Decree was presented to the trial court while the suit was pending and was included among the papers comprising the record, we conclude that the requirements of rule 11 were met. Accordingly, we overrule Shahn Markarian's first issue.

In his second issue, Shahn argues the trial court should have been on notice that he revoked his consent to the Final Decree because he filed a counter petition and answer one day before the prove-up hearing. A party may revoke its consent to a settlement agreement at any time before judgment is rendered on the agreement. *S & A Rest. Corp. v. Leal*, 892 S.W.2d 855, 857 (Tex. 1995). However, a party withdrawing his consent must effectively communicate the withdrawal to the trial court. *Baylor Coll. of Med. v. Camberg*, 247 S.W.3d 342, 346 (Tex. App.—Houston [14th Dist.] 2008, pet. denied).

Shahn's only communications to the trial court were his counter petition and answer. Neither

-3-

document expressed his dissatisfaction with or contradicted the Final Decree. *See Burnaman v. Heaton*, 240 S.W.2d 288, 339 (Tex. 1951) (for court to have notice of withdrawal of consent, pleading must be such to reasonably prompt the court to make an inquiry into whether party withdrew consent). Rather, Shahn's counter petition asks the judge to "divide the estate in a manner consistent with the agreement." Rather than demonstrating a revocation of consent, the counter petition could be interpreted to request the judge honor the Final Decree subsequently presented by Arusyak. The trial judge's failure to divine some sort of disagreement with the Final Decree from the documents she had before her does not constitute an abuse of discretion. *See id.* at 345.

Because the documents do not show Shahn did not consent to the terms of the Final Decree, we cannot say the trial judge had actual knowledge that Shahn revoked his consent to the Final Decree. Where, as here, a party fails to revoke his consent to an agreement or fails to notify the court of his intention to revoke an agreement, we cannot say that a trial court errs by rendering judgment on that agreement. As such, we overrule Shahn's second issue.

Having overruled both of Shahn Markarian's issues, we affirm the trial court's judgment.

JIM MOSELEY
JUSTICE

111079F.P05

-4-



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

SHAHN MARKARIAN, Appellant

No. 05-11-01076-CV      V.

ARUSYAK MARKARIAN, Appellee

Appeal from the 380th District Court of Collin County, Texas. (Tr.Ct.No. Cause No. 380-50570-2010).
Opinion delivered by Justice Moseley, Justices Fillmore and Myers participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**. It is **ORDERED** that appellee Arusyak Markarian recover her costs of this appeal from appellant Shahn Markarian.

Judgment entered January 15, 2013.

JIM MOSELEY
JUSTICE