COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | § | |
|---|---|---|
| | | No. 08-13-00069-CV |
| | § | |
| IN RE: THERESA CABALLERO, | | AN ORIGINAL PROCEEDING |
| | § | |
| Relator. | | IN MANDAMUS |
| | § | |

## <u>DISSENTING OPINION</u>

I respectfully dissent.

Although some practitioners commonly refer to a settlement agreement as a "Rule 11" agreement, this reference is a misnomer. Settlement agreements are governed by Texas Civil Practices and Remedies Code Section 154.071 (West 2011), which provides:

    (a) If the parties reach a settlement and execute a written agreement disposing of the dispute, the agreement is enforceable in the same manner as any other written contract.

    (b) The court in its discretion may incorporate the terms of the agreement in the court's final decree disposing of the case.

    (c) A settlement agreement does not affect an outstanding court order unless the terms of the agreement are incorporated into a subsequent decree.

TEX. CIV. PRAC. & REM. CODE ANN. § 154.071 (West 2011).

By contrast, Rule 11 relates to the enforcement of such agreements, and specifically establishes that a court may not enforce an agreement between attorneys or parties in relation to a

pending suit unless the agreement is "in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record." TEX. R. CIV. P. 11. Thus, neither a Rule 11 agreement nor a settlement agreement by its own existence constitutes an agreed judgment. *Compare S & A Rest. Corp. v. Leal,* 892 S.W.2d 855, 857 (Tex. 1995)(citing *Quintero v. Jim Walter Homes, Inc.*, 654 S.W.2d 442, 444 (Tex. 1983); *Burnaman v. Heaton,* 150 Tex. 333, 240 S.W.2d 288, 291(1951)(cases demonstrating that a settlement agreement does not become a part of an "agreed" judgment if a party withdraws its consent prior to the court's entry of such judgment); *see also Ex parte Gorena*, 595 S.W.2d 841, 844 (Tex. 1979)(despite fact that judgment has its genesis in an agreement between the parties, the judgment itself has an independent status)(citing *Pollard v. Steffens*, 161 Tex. 594, 343 S.W.2d 234 (1961)).

The dispute before us does not involve an agreed judgment but, rather, a "proposed agreed judgment." The proposed agreed judgment addresses only the sanctions to be imposed, which are not addressed in the Committee's summary-judgment motion. Rule 3.09 expressly provides that if the court finds that the Respondent's conduct does constitute professional misconduct, the court shall determine the appropriate sanction or sanctions to be imposed. TEX. R. DISC. P. 3.09. Rule 3.10 sets out the factors that a court shall consider in assessing a just punishment for a Respondent whose conduct is found to constitute professional misconduct. TEX. ST. R. DISC. P. 3.10. The term "shall" as utilized in Rules 3.09 and 3.10 reflects the court's authority and obligation to assess a proper sanction upon a respondent whose conduct has been shown to constitute professional misconduct. TEX. ST. R. DISC. P. 3.09, 3.10.

The responsibility for reviewing counsel's conduct resides in the Texas Supreme Court, but the authority and responsibility for imposing sanctions belongs to an actively-sitting judge, not to the parties. *See* TEX. RULES DISCIPLINARY P. Preamble, *reprinted in* TEX. GOV'T CODE

ANN., tit. 2, subtit. G, app. A-1 (West 2013); TEX. RULES DISC. P. 3.02, 3.09; *Acevedo*, 131 S.W.3d at 103-104. Moreover, the Texas Supreme Court has determined that a judge who presides over a disciplinary proceeding possesses broad discretion to determine the appropriate sanction or sanctions for professional misconduct. *See State Bar of Texas v. Kilpatrick*, 874 S.W.2d 656, 659 (Tex. 1994)(trial court has broad discretion to determine whether an attorney guilty of professional misconduct should be reprimanded, suspended, or disbarred). This is true even when professional misconduct is found by a jury. *See* TEX. R. DISC. P. 3.09.

In light of this, it cannot be said that the court had but one option available in considering whether to enter judgment on the parties' agreement. In my view, the judge could not have abused his discretion in declining to enter the "proposed agreed judgment" because his decision is guided by the mandatory language of Rules 3.09 and 3.10. TEX. ST. R. DISC. P. 3.09, 3.10. Because Caballero has failed to show the trial court abused its discretion, I do not believe she has demonstrated entitlement to mandamus relief.

April 23, 2014

GUADALUPE RIVERA, Justice

Before McClure, C.J., Rivera, J., and Barajas, C.J. (Senior Judge)
Barajas, C.J. (Senior Judge), sitting by assignment