

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00024-CV

RICHARD W. BELL AND                                      APPELLANTS
MARGARET B. BELL

V.

VICTOR MYERS CONSTRUCTION,                              APPELLEE
LLC

----------

### FROM COUNTY COURT AT LAW NO. 2 OF DENTON COUNTY
### TRIAL COURT NO. CV-2013-02041

----------

## MEMORANDUM OPINION[1]

----------

Appellants Richard W. Bell and Margaret B. Bell appeal from the trial court's final judgment giving immediate possession of property in Highland Village, Texas to Appellee Victor Myers Construction, LLC (Victor Myers) and releasing to Victor Myers $15,000 that the Bells had paid into the registry of the

---

[1]*See* Tex. R. App. P. 47.4.

court. The Bells argue on appeal that the trial court's judgment was erroneous because it enforced a settlement agreement to which the Bells had withdrawn their consent. Because we hold that the trial court did not err by rendering a judgment enforcing the settlement agreement and releasing the registry funds, we affirm.

## Background

On September 6, 2012, Victor Myers and the Bells signed a sales contract for the sale of the Highland Village property to the Bells. The contract stated that the sale would close on December 13, 2012. The parties also signed a residential lease for the property with a term beginning on September 15, 2012, and ending on December 15, 2012. The lease provided for a monthly rent of $5,000. The parties did not, however, close on the sale.

In July 2013, Victor Myers filed an eviction suit against the Bells in the justice court. The justice court rendered judgment granting Victor Myers possession of the property plus attorney's fees. The Bells then appealed to the county court for a trial de novo.

The Bells filed a plea in abatement and a motion to dismiss, asserting that there was a title dispute and requesting that the case be abated until the title dispute was resolved by a different suit that they had filed against Victor Myers in district court. The Bells alleged that they had entered into an executory contract deed with Victor Myers to buy the property. In their district court pleadings, attached to their plea in abatement, they alleged more specifically that Victor

2

Myers did not deliver the deed in December 2012, but the Bells nevertheless made all payments under the contract until February 2013, when a dispute arose about the allocation of the payments. They alleged that Victor Myers's subsequent termination of the contract did not comply with the property code, and they requested specific performance of the contract.

Upon the Bells' motion, the trial court abated the proceedings until resolution of the district court case. As a condition for the abatement, however, the trial court ordered the Bells to pay $10,000 into the registry of the court as rent payments for August 2013 and September 2013 and to pay an additional $5,000 by the fifth of each month after that.

The attorneys for the parties subsequently signed a settlement agreement in open court. The hearing at which the agreement was signed was a hearing on Victor Myers's motion for contempt, which it had filed after the Bells had failed to timely deposit the October rent payment into the registry of the court.

At the contempt hearing, the parties' attorneys acknowledged that the case had been mediated, that Victor Myers had made a settlement offer on September 27, and that the October payment did not need to be made if the case had been settled. Victor Myers's attorney stated that he had received a communication from the Bells' attorney that the offer had been accepted, but the Bells' attorney had not sent anything to memorialize the acceptance. Victor Myers's attorney told the court that "we would like, if it has settled, it to be memorialized here

today on the record, or that the $5,000 be tendered and some excuse made for the lateness of it."

The Bells' attorney contended that the payment had been made that morning and that he understood that the payment did not have to be made because the Bells had accepted the settlement offer. The attorney stated that initially the Bells had not accepted the offer because Richard wanted ninety days to close rather than the sixty days that had been offered. But after Richard was able to secure financing for a shorter closing period, his attorney called Victor Myers and accepted the offer.

The trial court stated that "it sounds to me like I have just heard offer and acceptance here on the record. So it sounds to me like this case is indeed settled." The parties' attorneys then signed a copy of the settlement offer that Victor Myers's attorney had sent to the Bells' attorney. The only change made to the offer was an acknowledgement that the October payment had been made. The attorneys signed the agreement there in open court.

The agreement provided that, in return for dismissal of the suit and the Bells' dismissal of their district court case, the Bells would have until November 29, 2013 to close on the home. If they did not close by that date, the money in the registry would be released to Victor Myers, and the Bells would have three days to vacate the property.

Toward the end of the hearing, the trial court and the attorney for Victor Myers had this exchange:

4

[Counsel]: The settlement offer of September 27th does state that its terms will be reduced to an agreed judgment.

THE COURT: Okay.

[Counsel]: Would you prefer that that agreed judgment be submitted in writing or be given over in open court?

THE COURT: I think that y'all should submit an agreed judgment in writing.

[Counsel]: Okay.

THE COURT: However, I think what you have done here is indeed a binding Rule 11 agreement.[2]

At the conclusion of the hearing, Victor Myers's attorney told the trial court that he would submit an agreed judgment.

When the Bells did not close on the home, Victor Myers filed motions asking the court to release the funds and to render a judgment in accordance with the settlement agreement. The Bells filed a response to the motions in which they revoked their consent to the settlement agreement.

At a hearing on Victor Myers's motions, the Bells' attorney stated that the Bells now had the funding to buy the property and wanted to go through with the closing. He stated that although Richard Bell had attended the hearing at which the settlement agreement was signed, he had been unable to hear the proceedings, and he did not agree to the three-day move-out provision.

The trial court signed an order releasing the $15,000 in its registry to Victor Myers. The court also signed a final judgment ordering that the Bells had three

---

[2]*See* Tex. R. Civ. P. 11.

days to vacate the property and releasing the registry funds to Victor Myers. The Bells now appeal.

## Applicable Law

An agreed judgment that is a part of a settlement agreement may not be rendered as the judgment of the court once one party no longer consents to it.[3] This rule does not preclude a court from enforcing a settlement agreement after proper notice and hearing.[4] But when consent is revoked, the party seeking enforcement of a settlement agreement must pursue a separate claim for breach of contract.[5]

A claim for breach of settlement agreement is subject to the established procedures of pleading and proof, just like any other breach of contract claim.[6] A motion seeking enforcement of the settlement agreement can constitute "a sufficient pleading to allow a trial court to render judgment enforcing the settlement."[7]

---

[3] *Ford Motor Co. v. Castillo*, 279 S.W.3d 656, 663 (Tex. 2009).

[4] *Padilla v. LaFrance*, 907 S.W.2d 454, 461 (Tex. 1995).

[5] *Castillo*, 279 S.W.3d at 663.

[6] *Id.*

[7] *Abdulwahab v. Sam's Real Estate Bus. Trust*, No. 02-10-00282-CV, 2011 WL 2989969, *3 (Tex. App.—Fort Worth July 21, 2011, pet. denied) (mem. op.) (citing *Neasbitt v. Warren*, 105 S.W.3d 113, 117 (Tex. App.—Fort Worth 2003, no pet.) and stating that the motion is sufficient "because such a motion gives the alleged breaching party an opportunity to defend itself").

**Analysis**

In the Bells' sole issue in their opening brief, they argue that the trial court erred by holding that they did not withdraw their consent to the Rule 11 agreement, and thus, a judgment should not have been entered. The trial court did not hold that the Bells did not withdraw their consent. It determined that the settlement agreement must be enforced despite that revocation, and it rendered judgment accordingly. But in the substance of the Bells' brief, the Bells focus not on a finding of their continued consent but on whether the trial court had authority to enforce the agreement in light of their lack of consent. We therefore consider that argument.[8]

As stated above, a trial court may not render an agreed judgment when one of the parties to the agreed judgment has revoked its consent to it, but a trial court may nevertheless enforce the settlement agreement of which that agreed judgment is a part.[9] Accordingly, the fact that the Bells withdrew their consent prohibited the trial court from rendering the agreed judgment provided for in the settlement agreement, but it did not prohibit enforcement of the settlement agreement.[10] Here, the trial court did not render the agreed judgment. It granted judgment for Victor Myers after Victor Myers had filed motions seeking

---

[8]*See* Tex. R. App. P. 47.1 (stating that opinions should address every issue raised).

[9]*Padilla*, 907 S.W.2d at 461.

[10]*See id.*

7

enforcement of the terms of the settlement agreement, the Bells had responded, and a hearing was held. We therefore reject the Bells' argument that because they had revoked their consent to the agreement, the trial court's judgment enforcing the terms of that agreement was erroneous.

The Bells rely on *Burnaman v. Heaton*[11] to support their position. In that case, Burnaman was in the hospital and was therefore not present in court when the attorneys for both sides appeared before the court and announced a settlement agreement.[12] The question in that case was whether the trial court may render an agreed judgment when one of the parties no longer consents to it.[13] *Burnaman* holds that a court may not do so.[14] The Bells argue that this case is similar to *Burnaman* because although Richard was present at the hearing, he could not hear the terms to which his attorney was agreeing at the hearing— although, we note, he did nothing to inform the trial court that he could not hear the proceedings.

But in this case, the trial court did not render an agreed judgment, and *Burnaman* is therefore inapplicable. We also note that Burnaman contended and produced some evidence that she did not authorize her attorney to enter into the

---

[11]150 Tex. 333, 240 S.W.2d 288 (Tex. 1951).

[12]*Id.* at 335–36, 240 S.W.2d at 289–90.

[13]*Id.* at 337–38, 240 S.W.2d at 291.

[14]*Id.* at 338, 240 S.W.2d at 291.

8

settlement agreement.[15]   The Bells neither argued nor provided evidence to show that when their attorney signed the settlement agreement on their behalf, he did not have authority to do so.  We overrule the Bells' issue.

The Bells filed a reply brief raising a new issue asserting that even if the settlement agreement is enforceable despite their lack of consent, the trial court's final judgment and release of registry bond were an improper means to obtain enforcement of the agreement.  The Bells' reply brief, however, complains about the procedure used to seek enforcement of the settlement agreement, not about the relief awarded.  They do not argue that a release of registry funds is an inherently invalid means to enforce a settlement agreement or is a form of relief unavailable in these types of cases.  Rather, they complain that Victor Myers's motion for judgment and its motion to release registry funds was an improper method of seeking enforcement of the agreement once consent had been revoked, and the trial court's judgment granting Victor Myers's requested relief was therefore erroneous.  They point out that under Texas law, Victor Myers was required to file a separate claim for breach of contract.

The question we must determine to resolve this issue is whether Victor Myers's motion to enforce the judgment and motion for release of registry funds could be construed as a pleading raising a claim for breach of contract.  This court has held that a motion to enforce a settlement agreement can constitute a

---

[15]*Id.* at 337, 240 S.W.2d at 289–90.

9

pleading raising a breach of contract claim when it gives the opposing party proper notice of the claim.[16]

The elements of a breach of contract claim are "(1) the existence of a valid contract; (2) the plaintiff performed or tendered performance; (3) the defendant breached the contract; and (4) the plaintiff sustained damages as a result of the defendant's breach."[17]  Victor Myers alleged in its motion for judgment that the Bells had signed a written settlement offer in open court, a copy of which was filed with the trial court at that time; that under the agreement, the parties were to execute an agreed judgment; that Victor Myers's attorney had drafted the agreed judgment and sent it to the Bells' attorney; that Victor Myers's attorney had not received any response from the Bells' attorney despite requesting updates several times; that the Bells had defaulted under the terms of the agreement and had refused to execute an agreed judgment; and that Victor Myers had no way of obtaining the relief it was entitled to.

The motion for release of registry funds also noted the signing of the settlement agreement in open court.  The motion stated that under the agreement, the Bells had until November 29, 2013 to close on the home and that if they failed to do so, the funds in the registry would be released to Victor Myers; that the Bells had failed to close; and that the funds should therefore be released.

---

[16]*See Neasbitt*, 105 S.W.3d at 117–18.

[17]*Wood Care Ctrs., Inc. v. Evangel Temple Assembly of God of Wichita Falls, Tex.*, 307 S.W.3d 816, 824 (Tex. App.—Fort Worth 2010, pet. denied).

And it asserted that the written settlement agreement should be enforced. We hold that these motions sufficiently pled a breach of the settlement agreement, putting the Bells on notice of Victor Myers's claim and the remedy it sought.[18] Accordingly, we overrule the Bells' reply issue.

**Conclusion**

Having overruled the Bells' issues, we affirm the trial court's judgment.

/s/ Lee Ann Dauphinot
LEE ANN DAUPHINOT
JUSTICE

PANEL: DAUPHINOT, GARDNER, and WALKER, JJ.

DELIVERED: October 9, 2014

---

[18] *See Neasbitt*, 105 S.W.3d at 117–18 (noting that pleadings should "'give the adversary parties notice of each [party's] claims and defenses, as well as notice of the relief sought'" and that the motion to enforce "clearly stated the terms of the agreement, detailed Appellant's breach of that agreement, and requested relief for Appellee") (citation omitted).